WARE & OWENS *v.* LAIRD.

1. The bond given by the defendant below, though not in strict compliance with the terms of the act of October 15th, 1885, was sufficient to operate as a dissolution of the garnishment under that

act, and therefore a traverse of the answer of the garnishee was unnecessary. The court, having erroneously dismissed the case for the want of such traverse, erred in overruling the motion to reinstate.

2. The issue as to whether the fund garnished was subject to the garnishment was sufficiently raised by the affidavit, or so-called claim, of the defendant that the fund was not subject, and the plaintiffs should have been allowed to proceed to trial upon this issue.

October 30, 1893. LUMPKIN, J., disqualified, not presiding.

Garnishment.     Before' Judge MARSHALL  J. CLARKE. Fulton superior court.     March term, 1893.

Ware & Owens sued Laird in a justice's court, and caused process of garnishment to issue and be served on the E. T., V. & G. R. R. Co. Laird interposed an affidavit and bond, the affidavit alleging: "that he is a laborer for wages, employed by the E. T., V. & Ga. R. R.; that he has been so employed by said road as a day-laborer for wages at the sum of $2.25 per day since the 1st day of August, 1890; that said plaintiffs Ware & Owens have heretofore, to wit on the 13th day of January, 1891, caused process of garnishment to issue and be served on said railroad, to hold up the wages earned as aforesaid by deponent, and subject the same to the payment of a certain judgment for the sum of $65.00, which said plaintiffs claim to have against him. This defendant claims that all the money earned by him in the service of said road as aforesaid, since the date aforesaid of first employment up to this date, has been earned as a day-laborer for the wages above stated; and that the same, and every part thereof, is exempt from process of garnishment under the law; and he hereby so claims the same as daily wages and exempt from any liability of garnishment in said case." The bond recites, "that we, Thos. C. Laird, principal, and ———— as security, hereby acknowledge ourselves jointly and severally bound unto Ware & Owens in the sum of $130.00, subject to the following conditions: that said Ware &

Owens, at the alleged date Sept. 3, '91, of the justice
court of the 1234th district G. M. of said county, ob-
tained a judgment against said Thos. C. Laird, princi-
pal, upon which judgment the said Ware & Owens,
plaintiffs, claim there is due them the sum of $65; and
that said Ware & Owens have sued out summons of
garnishment, which summons has been served upon
the E. T., V. & Ga. R. R. Co.; and that said Thos. C.
Laird has filed his claim to the amount due him by
said E. T., V. & Ga. R. R. Co., as exempt from the pro-
cess and liability of garnishment, for the reason that the
sum so due is owing for daily labor performed, and there-
fore not subject to the payment of said alleged judg-
ment. Now, if said defendant Thos. C. Laird shall pay
to said plaintiffs Ware & Owens the sum that may be
found due to said defendant upon the trial of any issue
that may be formed upon the answer of the garnishee,
or that may be admitted to be due in said answer if un-
traversed, or that may be found subject to said garnish-
ment process under the claim hereinbefore stated, then
this bond to be void. Witness our hands and seals this
January 28, '91." Signed, "T. C. Laird, S. L. Limberry."

Four days after the date of the affidavit and bond, the
garnishee answered, admitting an indebtedness of $95.10,
and alleging that it was due Laird for daily labor and
was not subject to garnishment. The justice rendered
judgment in favor of the plaintiffs, and Laird appealed
to the superior court. There he moved to dismiss the
case because the garnishee's answer had not been trav-
ersed. The court ruled that a traverse of the answer
was necessary, and that it should have been filed at the
first term; and dismissed the garnishment proceeding,
with leave to move to reinstate. The motion to rein-
state was made, and was overruled.

MAYSON & HILL, for plaintiffs.

Bleckley, Chief Justice.

1. Laird, the debtor, whose money was garnished in the hands of the East Tennessee, Virginia and Georgia R. R. Co., his debtor, made an affidavit claiming the fund as exempt because consisting of his wages as a day-laborer, and at the same time gave bond to dissolve the garnishment. These two documents are set forth in the reporter's statement. On a comparison of the bond with the terms of the act of October 15th, 1885, it will be seen that there is some want of strict compliance with the provision of that act. We think, however, that the bond was sufficient to operate as a dissolution of the garnishment, and for this reason that a traverse of the answer of the garnishee was unnecessary. The superior court dismissed the case because the answer was not traversed. It was error to deny the motion to reinstate.

·2. The affidavit of Laird asserting his claim, sufficiently raised the issue as to whether the fund was subject to garnishment or not. There was no need for raising that issue upon the answer of the garnishee, after the debtor himself had come in and raised it by · his own affidavit asserting claim to the fund as exempt. The plaintiffs, his creditors, who sued out the garnishment, should have been allowed in the superior court to proceed to trial and condemn the fund if they could.

*Judgment reversed.*