## TEFT *v.* BOOTH.

1. The writ of injunction does not lie at the instance of the defendant to a case upon which garnishment proceedings have been based, to restrain the prosecution of such proceedings, when the petition for injunction discloses no reason why such defendant can not fully protect himself in the court where the garnishment case is pending.

2. Granting that the petition for injunction in the present case was proceeding, at the interlocutory hearing, against a proper party defendant, and that it is not apparent from the face of the petition that the plaintiff therein has a complete legal remedy against the action which he seeks

to enjoin, the evidence, on the merits of the case, was conflicting; so that, in no view of the case, was there any abuse of discretion in denying the injunction.

Argued April 27, — Decided May 26, 1898.

Petition for injunction.   Before Judge Butt.   Muscogee county.   August 2, 1897.

*Thornton & Thornton*, for plaintiff.
*Cameron & Hargett*, for defendant.

FISH, J.   1. The plaintiff in error complains because the court below refused to grant the injunction for which he prayed. Upon the face of his petition, irrespective of any evidence in the case, he is not entitled to an injunction.   In his original petition he alleges that he is, and has been for some time past, working, in Muscogee county, Ga., for the receivers of the Eagle & Phenix Manufacturing Co., as a day-laborer; that both he and the defendant Moore are citizens of the State of Alabama; that the defendant has sued out process of garnishment, returnable to a justice's court of Muscogee county, directed to these receivers, seeking to garnishee wages due by them to the plaintiff; and that these wages, under both the laws of Alabama and Georgia, are exempt from process of garnishment. Taking these allegations to be true, there is no necessity whatever for equity to enjoin, in his behalf, the proceedings in the justice's court; for he has an adequate and complete remedy at law, of which he can avail himself in the justice's court.   Even if judgment should be rendered against the garnishees, compelling them to pay the money which they owe to him into court, he would not be concluded by it; for he is no party to the garnishment proceedings.   Notwithstanding the judgment against the garnishees, he could contend for the money when it was paid into court; and if he succeeded in showing that it was exempt from garnishment, the court would order it to be turned over to him.   *Smith* v. *Johnson*, 71 *Ga.* 748; *Banks* v. *Hunt*, 70 *Ga.* 741.   If his wages are exempt, the garnishees may protect him, by setting up this fact in their answer; and if they fail to do so, he can protect himself by claiming the money, as being exempt, after it is paid into court.   In the

case first above cited, the Green Line Agency, which owed Johnson for wages due him as a laborer, was garnished by a firm to which he was indebted, and failed to answer the summons of garnishment, and, upon judgment being rendered against it, paid the money to the constable of the court. Johnson brought a rule against the constable, in which he claimed the money, on the ground that it was his and was exempt from garnishment. It was held that he had a right to claim the money in the hands of the constable and it should be awarded to him.

So stood the case as made by the original petition of the plaintiff in error. It seems, however, that, after the temporary restraining order was granted and before the interlocutory hearing on the application for injunction, Moore, the original plaintiff in the justice's court cases, and also the defendant in the equitable proceeding, died intestate, and his estate remained without legal representation; and that one Booth, claiming that Moore had transferred to him the claim upon which the cases in the magistrate's court were founded, had himself made a party plaintiff, in that court, to the garnishment case. Whereupon the plaintiff in the case at the bar amended his petition, by setting forth these facts, and praying that Booth be made a party defendant to this injunction case, and that he be enjoined from prosecuting the proceedings in the justice's court. Without stopping to discuss the anomalous proceeding in the justice's court case, by which Booth appears to have been allowed to step into the shoes of the dead plaintiff, or considering the question whether, after this new plaintiff was substituted for the old in that case, the petitioner in the equity case could, by amendment, convert his suit against the dead man, whose estate was unrepresented, into an action against the newcomer, it is sufficient, in the present case, to say that, whatever may be thought of such peculiar proceedings, the legal remedy accessible to the plaintiff in error, after Booth appeared upon the scene, was as simple and adequate as ever, and he was then no more entitled to an injunction against Booth than he was before to one against Moore.

2. So far we have considered the case simply as made by Teft's petition for injunction, without regard to the evidence in-

troduced at the interlocutory hearing. It appears from the evidence that Teft gave bond and dissolved the garnishment. After dissolving the garnishment, he could insist on the exemption of the money due him by the garnishees, whether they did so or not, and if his claim proved to be well-founded, no judgment could legally be entered upon the bond given to effect the dissolution. *Linder* v. *Benson*, 78 *Ga.* 116; *Born* v. *Williams*, 81 *Ga.* 796. Evidently there was no occasion for him to rush into the arms of equity for protection. But aside from all this, the evidence at the interlocutory hearing, on the merits, was decidedly conflicting; so that, in no view of the case, was there any abuse of discretion in denying the injunction.

*Judgment affirmed. All the Justices concurring.*