LEAKE, administrator, *v.* TYNER.

The defendant in fi. fa. is not a party in the trial of an issue raised by a traverse of the answer of a garnishee by the plaintiff in fi. fa. when the garnishment has not been dissolved, and a petition presented by the party first mentioned, to have such trial reviewed by a writ of certiorari, can not be maintained; *aliter*, when he has dissolved the garnishment in the manner pointed out by law.

Argued February 6, — Decided March 1, 1901.

Garnishment — certiorari. Before Judge Felton. Bibb superior court. June 27, 1900.

*Hardeman, Davis, Turner & Jones*, for plaintiff.
*M. Felton Hatcher* and *Guerry & Hall*, for defendant.

LITTLE, J. Leake as administrator obtained a judgment against Tyner, defendant, and on this judgment instituted garnishment proceedings, causing the Southern Railway Co. to answer what it was indebted to Tyner, or what effects of defendant it had in its hands. The garnishee answered that it was indebted to the defendant in fi. fa. in a given sum, but that the amount for which it was so indebted was for wages of said defendant. This answer was traversed, the plaintiff denying that the sum admitted by the garnishee to be due to the defendant in fi. fa. was for wages as a laborer, and a trial was had on the issue whether the indebtedness was exempt from garnishment. The jury returned a verdict that the amount admitted to be due was subject to the process of garnishment, and Tyner, the defendant in fi. fa., presented a petition for certiorari, which was sanctioned. When the case was called in the superior court, Leake, the defendant in certiorari, filed a motion to dismiss the petition for certiorari on several grounds, one of which was that it did not appear that Tyner, the defendant in fi. fa., was a party to the cause in the justice's court, and, not being such, he had no right to file the petition. This motion the court overruled, and the defendant in certiorari excepted. After considering the case on the answer of the justice, the court passed an order sustaining the certiorari, and discharged the garnishee from all further liability; to which judgment Leake excepted. We are of the opinion that the trial judge should have dismissed the certiorari on the motion of the defendant therein, because the issue on the trial in the justice's court was between the plaintiff in fi. fa. and the garnishee. In the case of *Foster* v. *Haynes*, 88 *Ga.* 240, it was ruled by this court that the defendant in fi. fa. is not a party to a garnishment which is undissolved, and that on a finding by the jury against the garnishee on the trial of an issue made on his answer, the debtor (defendant in fi. fa.) has no right to a new trial on his own motion, he not having been made a party to the case by any order of court. If the defendant in fi. fa. is not entitled to move to set aside a verdict and ask for a new trial of the issue made on a traverse of an answer of the garnishee by the plaintiff, clearly he is not entitled to the writ of certiorari to have a trial had on that issue reviewed. This is so because he was no party to the case which was tried, the issue being between the plaintiff in fi. fa. and the garnishee alone. This court further ruled on this subject,

in the case of *Ware & Owens* v. *Laird*, 93 *Ga.* 342, where the defendant in fi. fa. had dissolved the garnishment, that the dissolution raised at his instance the issue as to whether the fund was or was not subject; and where the garnishee admitted an indebtedness, but alleged that it was due to the defendant for daily labor and not subject to garnishment, that there was, because of such dissolution of the garnishment, and claim by the defendant in fi. fa. that the amount due him was not subject, no necessity for a traverse of the answer on the part of the plaintiff in fi. fa.   This ruling was not only right, but it does not in any manner conflict with the principle ruled in the case of *Foster* v. *Haynes*, supra, to the effect that a defendant in fi. fa. is not a party to the issue raised on the traverse of the answer by the plaintiff.   Section 4718 of the Civil Code expressly gives to the defendant in a garnishment proceeding the right to dissolve the garnishment by giving a bond payable to the plaintiff, conditioned for the payment of the judgment rendered on the garnishment.   In case of a dissolution the garnishee must nevertheless answer, but, on answering, is discharged from all further liability, and the remedy of the plaintiff is on the bond given by the defendant to dissolve.   Civil Code, § 4721.   It is true that after dissolution, as before, the plaintiff may traverse the truth of the answer of the garnishee, and such traverse raises an issue to be tried, but the result of such trial does not in any event create any liability on the part of the garnishee, nor can any judgment be rendered therein against him.   If the judgment rendered on the trial of the issue finds the funds in the garnishee's hands subject, the plaintiff may enter up judgment against the principal and sureties on the bond to dissolve, for the amount so found.   Thus it will be seen that where the defendant dissolves the garnishment and thereby obligates himself to pay the judgment rendered on the garnishment, he becomes directly interested in the question raised, whether the garnished funds are subject, while by the act of dissolution all interest in the question is lost by the garnishee.   In other words, by the act of dissolution the parties to the issue are changed.

For further statement that the defendant is not generally a party to the issue raised on the answer of the garnishee, see *Smith* v. *Johnson*, 71 *Ga.* 748; *Teft* v. *Booth*, 104 *Ga.* 590.   It was ruled in the latter case, that, even if judgment should be rendered against

the garnishees, compelling them to pay the indebtedness admitted by the answer, the defendant in fi. fa. would not be concluded by it, for he is no party to the garnishment proceedings. So that we find by the rulings of this court, in the trial of an issue raised on the answer of a garnishee, that when the garnishment has not been dissolved, the only parties are the plaintiff in fi. fa. and the garnishee, and that the defendant in fi. fa. is not a party ; that if, in pursuance of the right given by law to all defendants to dissolve the garnishment, the defendant in fi. fa. gives the necessary bond and claims the fund garnished not to be subject, he then becomes, by such proceedings, a party to the issue thus raised between him and the plaintiff in fi. fa. It seems, however, in the present case that Tyner had not dissolved the garnishment, but claimed his right as the defendant in fi. fa., upon his own motion, to have the issue raised in the justice's court between the plaintiff in fi. fa. and the garnishee reviewed. This he could not do, because he was not a party in the trial of that issue. The court therefore erred in overruling the motion to dismiss the writ of certiorari.

*Judgment reversed. All concurring, except Simmons, C. J., absent.*