# CASES

DECIDED IN THE

# SUPREME COURT OF GEORGIA

AT THE

## OCTOBER TERM 1901.

HOLBROOK & COMPANY *v.* EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY.

1. A return showing that a summons of garnishment was served upon a railroad company therein designated, by serving personally a named individual described as "sole agent of the Co., in charge of their office" at a specified house in a city located in the county wherein the garnishment proceeding was pending, met the requirements of the Civil Code, § 4710, which prescribes the manner of serving garnishment processes upon corporations.
2. A judgment against a garnishee, duly entered, is as to him conclusive of the proposition that the plaintiff had already obtained a valid judgment against the main debtor whose effects were sought to be reached by the garnishment proceeding.

Argued June 24, — Decided November 5, 1901.

Certiorari. Before Judge Lumpkin. Fulton superior court. March term, 1900.

*S. D. Johnson* and *James K. Hines*, for plaintiffs.
*Westmoreland Brothers*, for defendant.

LUMPKIN, P. J. The record discloses that A. L. Holbrook & Company instituted against the Evansville and Terre Haute Railroad Company a garnishment proceeding with a view to requiring it to answer what it was indebted to one Sams. This proceeding was based upon an alleged justice's court judgment in favor of Holbrook & Co. against him. The papers were placed in the hands of M. F. Barnes, a constable, who made the following return of service: "Served summons of garnishment upon the within affidavit and bond on Evansville & Terre Haute R. R. Co., by serving

L. R. Sams, sole agent of the Co., in charge of their office at No. 8 Kimball House, Atlanta, Fulton County, Ga., personally, at 12 o'clock, April 28, 1899." The railroad company made no answer, and a judgment was rendered against it as garnishee in favor of the plaintiffs, Holbrook & Co. They were proceeding to enforce this judgment when the railroad company filed an affidavit of illegality, the grounds of which were, in substance, (1) that the alleged judgment of Holbrook & Co. against Sams was void, because he had never been served personally with a copy of the original summons in their suit against him, and because that judgment was rendered by a court which, for reasons stated, had no jurisdiction in the premises; and (2) because there was not such a return of service of the summons of garnishment upon the railroad company as would warrant the rendition of a judgment against it. The illegality was tried in a justice's court and overruled. The railroad company sued out a certiorari, on the hearing of which the judge of the superior court held that the return of service of the garnishment was legally sufficient, but rendered a judgment sustaining the certiorari and in effect directing that the case be again heard in the justice's court "on the question of whether said A. L. Holbrook & Co. have a valid judgment against Sams."

1. We agree with his honor of the court below in the conclusion reached that the return of the constable, taking it to be true, was sufficient evidence of the fact that the railroad company had been duly served with the summons of garnishment. This return met substantially the requirements of the Civil Code, §4710, which relates to the service of garnishment processes on corporations, and which reads as follows: "Service of a summons of garnishment upon the agent in charge of the office or business of the corporation in the county or district at the time of service shall be sufficient." See, also, in this connection, *Third National Bank* v. *McCullough*, 108 *Ga.* 249, and cases cited. It must not be overlooked that the railroad company did not undertake to traverse the truth of the constable's return of service. Had it done so, an entirely different question would have been raised. The affidavit of illegality merely challenged the legal sufficiency of the entry, upon the assumption that it correctly stated what the constable did in the premises.

2. We are, however, of the opinion that his honor erred in sending the case back to the magistrate's court for a rehearing upon the

question above indicated.    Whenever a court of competent juris-
diction renders a judgment against a defendant who has been duly
served, he is concluded as to every defense which was actually
made or might have been made.    There is no doubt that the jus-
tice's court in which the garnishment proceeding originated had
jurisdiction of that case; and, for the reasons given above, it must
be assumed that the railroad company was duly served with the
summons of garnishment.    It therefore, in legal contemplation, had
its day in court, having been afforded full opportunity to make
whatever defense it had against the garnishment suit.    It certainly
could have set up that the plaintiffs had no valid judgment against
Sams; and not having done so, the judgment against it conclu-
sively and finally established the proposition that Holbrook & Co.
had obtained a valid judgment against Sams.    It is, of course, true
that without having obtained such a judgment the plaintiffs were
not legally entitled to a judgment against the company; but the fact
that the court gave judgment against it concludes it upon this very
point.    As matter of fact, it may be that the company was not in-
debted to Sams, but no one would for a moment contend it could
now set up this defense by illegality.    To allow this would be to
permit the company to go behind the judgment rendered against it
in the garnishment proceeding, which it surely can not lawfully do.
Neither can it go behind that judgment for the purpose of setting
up the alleged invalidity of the plaintiffs' judgment against Sams
in their suit against him.    The latter of these propositions is as
clear and palpable as the former.    As against the railroad company,
the law presumes that the court which rendered the judgment in
favor of Holbrook & Co. against that company had before it proof
of every fact essential to the establishment of their right to have
this judgment entered.    This being so, and the law being that "The
plaintiff shall not have judgment against the garnishee until he has
obtained judgment against the defendant" (Civil Code, § 4726), it is
in this case, so far as concerns the garnishee, to be conclusively pre-
sumed that the plaintiffs did show to the court that they had ob-
tained a good judgment against Sams.    They may not, in point of
fact, have done so, but the garnishee is no longer in a position to
make any such defense.    It very often happens that judgments es-
tablish as true that which could, before their rendition, have been
shown to be false; but this will not be allowed after judgment.

In answer to the contention that the record of "the whole case" shows that the garnishment judgment was void, because rendered in the absence of a valid judgment in favor of Holbrook & Co. against Sams, it need only be said that even granting, for the sake of the argument, that the judgment against him was open to attack, the record of the original suit of these plaintiffs against him which resulted in that judgment is no part of the record of the garnishment case. That was an entirely separate and distinct suit, wholly independent of the action against Sams. The record of that action is, with regard to the garnishment proceeding, merely evidentiary, and nothing more. It could, if sufficient to show the existence of a good judgment against Sams, have been introduced in evidence on the trial of the garnishment case. If not sufficient to do so, it would have been worthless, even as evidence. In no view can it be considered as a part of the pleadings, or record proper, of the garnishment proceeding. It follows irresistibly that the garnishee can not by illegality invoke an inspection of the record in the suit against Sams, to show either that the plaintiffs did not prove, or could not have thereby proved, that they had a valid judgment against Sams. There is nothing on the face of the record of the garnishment case showing that the judgment therein was based upon insufficient evidence as to the rendition of a judgment against the original debtor, or that the judgment against the garnishee was itself for any reason invalid.

*Judgment reversed. All the Justices concurring.*