## WARNER & COMPANY *v.* STRICKLAND.

ATKINSON, J. 1. In September, 1912, W. R. Warner & Company sued out an attachment against J. F. Burkhalter, returnable to the October term, 1912, of the superior court, on the ground that the defendant ab· sconds and· resides beyond the limits of the State. The officer made a return on September 23, 1912, showing that he had executed the attachment by service of summons of garnishment on W. R. Strickland. A declaration in attachment was duly filed, but no notice thereof was given to the defendant. The defendant in attachment did not appear and plead, or otherwise submit himself to the jurisdiction of the court. At the October term, 1913, which was the second term after the term to which the attachment and garnishment were returnable, the judge entered a special judgment in favor of the plaintiffs against the defendant in attachment for the amount alleged to be due, to be collected out of money resulting from the garnishment, and thereafter, at the same term, entered judgment by default against the garnishee, who had not answered the summons of garnishment, for the amount specified in the judgment against the defendant in attachment. *Held:* (*a*) Under the ruling in *Holbrook* v. *Evansville &c. R. Co.,* 114 *Ga.* 1 (39 S. E. 937), the garnishee could not set up by illegality that the plaintiffs had ·not recovered a valid judgment against the defendant in attachment. (*b*) The decision in the case cited above was concurred in by the entire bench of six Justices. If there is any conflict between that and the ruling made in the later case of *Albright-Pryor Co.* v. *Pacific Selling Co.,* 126 *Ga.* 498 (4), 501 (55 S. E. 251, 115 Am. St. R. 108), decided by five Justices, the ruling in the latter case must yield to that in the former.

2. There was no merit in the motion to dismiss the bill of exceptions.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

JANUARY 13, 1916.

Affidavit of illegality of execution. Before Judge Seabrook. Tattnall superior court. September 4, 1914.

*E. C. Collins* and *Hines & Jordan,* for plaintiffs.

*Way & Burkhalter,* for defendant.