7559, 7560.    FLYNN *v.* JACKSON; and *vice versa.*

1. The judgment was not subject to attack by affidavit of illegality on the ground that it was based upon a debt from which the defendant had been discharged in bankruptcy.

2 The court did not err in dismissing the affidavit of illegality or in overruling the motion for a new tiral.

DECIDED SEPTEMBER 21, 1916.

Affidavit of illegality; from municipal court of Atlanta.    April 13, 1916.

*L. G. Fortson,* for plaintiff in error.    *Gober & Jackson,* contra.

HODGES, J.   Jackson obtained a judgment against Flynn, and instituted garnishment proceedings thereon in October, 1915, with the Southern Railway as garnishee.   In November, 1915, the garnishee answered indebted, and on November 22, 1915, Flynn filed what is alleged to be an affidavit of illegality in the case of Jackson *v.* Flynn.   On November 23, 1915, a judgment was taken in the garnishment case between Jackson and the railway company, subjecting the funds in the hands of the railway company to the garnishment, and directing that the money be paid to the plaintiff, Jackson.   To the alleged affidavit of illegality filed by Flynn a demurrer was interposed, and it came on to be heard on April 13, 1916.   On the trial an amendment to the affidavit of illegality was allowed, and, Jackson insisting on his demurrer, the court sustained the demurrer and the proceeding was dismissed.   An oral motion for new trial was overruled and Flynn appealed to the appellate division of the municipal court.   Flynn claimed to have been discharged in bankruptcy in October, 1915.   He did not dissolve the garnishment between Jackson and the railway company, and the judgment in favor of Jackson against the railway company was taken one month and twenty days after the discharge of Flynn in bankruptcy.   No motion for a new trial was made by either Flynn or the Southern Railway Company on the rendition of the garnishment judgment, or at any time subsequent thereto.

We think the trial judge of the municipal court was correct in his rulings in dismissing the affidavit of illegality and overruling the motion for new trial filed by Flynn. The judgment in the garnishment proceeding, subjecting the funds in the hands of the railway company, being rendered after the discharge of Flynn in bankruptcy, Flynn is concluded, by the terms of the act creating the court, from complaining. Acts of 1913, p. 167, § 42 (a). Jackson, in his cross-bill of exceptions, complains that the court erred in not dismissing the appeal, for lack of service on him. We think the contention contained in the cross-bill of exceptions strengthens the proposition enunciated above, and demonstrates the correctness of the judgments under review before this court. When the trial judge sustained the demurrer of Jackson and dismissed the affidavit of illegality. no exceptions were taken to the order dismissing the illegality, and there was no case which could be appealed to the appellate division of the municipal court. Flynn was not a party to the proceeding so as to authorize the interposition of the affidavit of illegality on his part, or an appeal to the appellate division of the court. *Leake* v. *Tyner,* 112 *Ga.* 919 (38 S. E. 343); *Jackson* v. *Barksdale,* 17 *Ga. App.* 461 (87 S. E. 691). In the case last cited this court held that inasmuch as there was no levy upon the property of the defendant, and no bond given by him to dissolve the garnishment based upon the judgment against him, he was not such a party to the garnishment proceedings as to authorize the interposition of an affidavit of illegality on his part. In the present case the record shows that the affidavit of illegality interposed by Flynn set up that the judgment and debt upon which the suit was based had been discharged in bankruptcy; that he was adjudicated a bankrupt, and that the Jackson debt and judgment were duly scheduled; that on October 2, 1915, the court granted to the defendant a discharge from all of the provable debts due and scheduled, and that this debt upon which the garnishment issued is now discharged in bankruptcy. The judgment in the garnishment case was rendered on November 23, 1915, subjecting the funds of Flynn in the hands of the Southern Railway Company to the claim of Jackson. "If a person who has been adjudicated a bankrupt and has received his discharge in bankruptcy thereafter suffers a judgment to go against him upon a debt properly provable in bankruptcy, he is bound by such judg-

ment, and so are all others claiming under or through him."
*Smith* v. *Cook*, 71 *Ga.* 705.

*Judgment affirmed on the main bill of exceptions; cross-bill dismsised.*