## 9390. WARNER & COMPANY v. BURKHALTER.

BROYLES, P. J. 1. The motion to dismiss the bill of exceptions is denied.

(a) In the bill of exceptions, the brief of evidence, and the record sent up, there is enough to enable this court to decide the questions raised.

2. A judgment against a garnishee, duly entered, is as to him conclusive of the proposition that the plaintiff had already obtained a valid judgment against the main debtor whose effects were sought to be reached by the garnishment proceeding. And this is true in a case where an attachment has been issued against a non-resident and executed by service of summons of garnishment, and where no answer has been made by the garnishee. *Holbrook* v. *Evansville & Terre Haute Railroad Co.*, 114 *Ga.* 1 (2) (39 S. E. 937); *Warner* v. *Strickland*, 144 *Ga.* 547 (87 S. E. 667). The apparently contrary ruling in *Albright-Pryor Co.* v. *Pacific Selling Co.*, 126 *Ga.* 498 (4) (55 S. E. 251, 115 S. E. 108), was criticised and disregarded in *Warner* v. *Strickland*, supra, and the older adjudication in the *Holbrook* case, supra, approved and followed. It follows that the court erred in setting aside the judgment against the garnishee on the ground that no previous valid judgment had been rendered against the defendant in attachment, although the motion to set it aside was made by the defendant in attachment and not by the garnishee. The garnishee was conclusively bound by the judgment against him, and, under all the facts of the case, it could not be set aside, either at his instance or at that of the defendant in attachment.

3. As the judgment previously rendered against the defendant in attachment specifically recited that the amount of the judgment was to be levied and collected from the funds subjected by process of garnishment issued and served upon the garnishee, and not otherwise, and as the subsequent judgment against the garnishee was conclusive upon him as to the validity of the former judgment, and could not be set aside, either at the instance of the garnishee or of the defendant in attachment, it follows that, under these particular circumstances, the judgment against the defendant in attachment should not have been set aside.

4. The court erred in directing a verdict in favor of the movant, and thereafter in overruling the motion for a new trial.

*Judgment reversed. Bloodworth and Harwell, JJ., concur.*

DECIDED MARCH 14, 1918.

Attachment and garnishment; from Tattnall superior court— Judge Sheppard. September 29, 1917.

*Collins & Stanfield, James K. Hines,* for plaintiffs.

*Way & Burkhalter,* for defendant.