## 15481.   NORRIS *v.* CARTER & NELSON.

BELL, J.  1.  "The remedy by affidavit of illegality, against an execution which has been issued illegally, or which is proceeding illegally, is purely statutory, and except to the extent that the statute provides there is no such remedy." It is provided by "the statute that a defendant in execution can only file an affidavit of illegality when his property has been levied upon." *State* v. *Sallade*, 111 *Ga.* 700 (1), 702 (36 S. E. 922); Civil Code (1910), § 5306. This case is controlled by the decision of this court in *Jackson* v. *Barksdale*, 17 *Ga. App.* 461 (87 S. E. 691), wherein it was held: "There being no levy upon the property of the defendant and no bond given by him to dissolve the garnishment based upon the judgment against him, he was not such a party to the garnishment proceedings as to authorize the interposition of an affidavit of illegality on his part." See also *Leake* v. *Tyner*, 112 *Ga.* 919 (38 S. E. 343); *Flynn* v. *Jackson*, 18 *Ga. App.* 624 (90 S. E. 83); *James* v. *Edward Thompson Co.*, 17 *Ga. App.* 578 (87 S. E. 842); *Dent* v. *Dent*, 118 *Ga.* 853 (45 S. E. 680).

2. That the plaintiff in fi. fa. went to trial in the justice's court on the merits of the affidavit of illegality, where judgment was rendered against the illegality, did not preclude the plaintiff in fi. fa. from making a motion to dismiss the affidavit of illegality on the call of the case in the superior court, to which the defendant had appealed. Civil Code (1910), § 5014; *Paxton* v. *Berrien County*, 117 *Ga.* 891 (2) (45 S. E. 266); *Macon & Birmingham Ry. Co.* v. *Walton*, 121 *Ga.* 275 (2) (48 S. E. 940).

608 MARCH TERM, 1924. [32 Ga.

3. As to whether such judgment in the justice's court should conclude the defendant in fi. fa. on the merits of the illegality, upon the affirmance of its dismissal on motion of the plaintiff in fi. fa. in the superior court where it was pending on appeal, see Civil Code (1910), § 5014; *Fagan* v. *McTier*, 81 *Ga.* 73 (6 S. E. 117). On the right of the garnishee to attack the main judgment against the defendant in fi. fa., see *Farmers & Traders Bank* v. *University Pub. Co.*, 9 *Ga. App.* 128 (2) (3); *Holbrook* v. *Evansville & Terre Haute R. Co.*, 114 *Ga.* 1 (2) (39 S. E. 937); *Warner* v. *Strickland*, 144 *Ga.* 547 (87 S. E. 667).

4. The superior court did not err in dismissing the affidavit of illegality, where it appeared therefrom that no levy had been made upon any of the defendant's property, and where the defendant in fi. fa. claimed the right to interpose the affidavit of illegality, in the absence of a levy, merely because certain funds belonging to him had been impounded by garnishment. Compare *Ben Hill County* v. *Massachusetts Bonding Co.*, 144 *Ga.* 325 (87 S. E. 315).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED AUGUST 13, 1924.

Appeal; from Morgan superior court—Judge Park. March 3, 1924.

*E. H. George,* for plaintiff in error.

*Williford & Duke,* contra.