### 16888. CARTER *v.* ALMA STATE BANK.

Dismissal of the affidavit of illegality was proper, it appearing that there had been no levy of the execution.

DECIDED JANUARY 12, 1926.

Certiorari; from Bacon superior court—Judge Reed. September 22, 1925.

*I. J. Bussell,* for plaintiff in error.

*E. H. Williams,* contra.

LUKE, J. The Alma State Bank brought suit in a justice's court of Bacon county against Julian Carter on a promissory note, and by due process had garnishment issued, transmitted to a justice court in Ware county, and served on the Atlantic Coast Line Railway Company in Ware county. The defendant failed to appear and answer in Bacon county, and judgment by default was entered against him for the amount sued for. Notice of this judgment was transmitted to the justice's court in Ware county, and judgment was there rendered in favor of the plaintiff. Thereupon the defendant filed an affidavit of illegality in Bacon county, alleging that the garnishment proceeding was invalid for the reason that the suit on the note in Bacon county, upon which the garnishment proceeding was based, proceeded illegally, in that the defendant was never served with any process or notice of said suit, and did not appear or waive such process or notice, and that the judgment rendered against him in said main suit in Bacon county was void. The justice of the peace dismissed the affidavit of illegality; the defendant carried the case, by certiorari, to the superior court; the judge of the superior court dismissed the certiorari; and the defendant brought the case to this court.

The judge of the superior court properly dismissed the certiorari. The record shows that no levy was ever made, and section 5306 of the Civil Code of 1910 specifically provides that "No

affidavit of illegality shall be received by any sheriff or other executing officer until a levy has been made."

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*