18186. ROWE *v.* PEOPLES CREDIT CLOTHING COMPANY.

BELL, J. 1. "A garnishment proceeding makes a case separate and distinct from that in aid of which it is instituted. . . The defendant in the main case is not a party to a garnishment which is undissolved; and in such a case he will not be heard to complain of the judgment rendered in favor of the plaintiff against the garnishee." *Jones* v. *Maril,* 19 *Ga. App.* 216 (1, 2) (91 S. E. 445); *Farmers & Traders Bank*

Garnishment, 28 C. J. p. 21, n. 92; p. 23, n. 5; p. 354, n. 14 New. Judgments, 34 C. J. p. 345, n. 70.

v. *University Publishing Co.*, 9 *Ga. App.* 128 (5) (70 S. E. 602); *Warner*
v. *Burkhalter*, 22 *Ga. App.* 71 (2) (95 S. E. 470).

2. "A third person not a party to the record can not go into court and
move to set aside a judgment which is not against him." *Merchants
&c. Bank* v. *Haiman*, 80 *Ga.* 624 (2) (5 S. E. 795); *Jones* v. *Smith*, 120
*Ga.* 642 (6) (48 S. E. 134); *Bruce* v. *Neal Bank*, 147 *Ga.* 392 (94 S. E.
241); *Chapman* v. *Taliaferro*, 1 *Ga. App.* 235, 238 (58 S. E. 128).

3. Applying the above principles, the municipal court did not err in re-
fusing the defendant's motion, based upon his discharge in bankruptcy,
to set aside the judgment in favor of the plaintiff against the garnishee.
This case should be distinguished from *Warthen* v. *Melton*, 132 *Ga.* 113
(63 S. E. 832, 131 Am. St. R. 184), in which a judgment against the
garnishee was set aside on the petition of the defendant on the ground
of *fraud.* Moreover, in that case no question was raised as to whether
the judgment against the garnishee could be set aside at the instance
of the defendant, who was not a party thereto.

4. The superior court did not err in dismissing the certiorari.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 16, 1927.

Certiorari; from Fulton superior court—Judge Moore. April
13, 1927.

*Douglas & Douglas, E. E. Andrews,* for plaintiff in error.
*Carl B. Copeland, G. N. Bynum,* contra.