## O'NEAL *v.* O'NEAL.

HILL, J. In the former judgment in this case the court held that no final judgment dismissing the case appeared in the record. Since the rendition of that judgment a copy of the final judgment of the lower court dismissing the case has been sent to this court, and now appears in the record. However, there is no exception in the bill of exceptions to this final judgment. Therefore, on motion for rehearing, the first headnote of the former opinion, holding that there is no final judgment in the record, is stricken, and the following is substituted in lieu of the second headnote; the judgment dismissing the writ of error being adhered to: While it appears from the record that there was a final judgment dismissing the case, there was no exception to this judgment, but the only exceptions in the case were to an order overruling the grounds of demurrer to a plea of res adjudicata, and to the direction of a verdict in favor of the plea. It follows that the bill of exceptions is fatally defective as not excepting to a final judgment.

*Writ of error dismissed. All the Justices concur.*

No. 9302. MAY 10, 1933. REHEARING DENIED JUNE 19, 1933.

*W. H. Terrell,* for plaintiff.

*Clifford M. James* and *Linton S. James,* for defendant.

## ROBBINS *v.* KINMAN.

HILL, J. Under the act of 1838 (Cobb's Digest, 514; Civil Code (1910), § 5306), and under the Civil Code (1910), § 5430, no affidavit of illegality shall be received by any sheriff, or other executing officer, until after the issuance of an execution and a levy made thereunder. There is nothing in the present record to show that an execution had been issued; and therefore the trial court did not err in dismissing the affidavit of illegality. *Ga. Ry. & Power Co.* v. *Head,* 150 *Ga.* 177, 178 (103 S. E. 158); *Carter* v. *Alma State Bank,* 34 *Ga. App.* 766 (131 S. E. 184).

*Judgment affirmed. All the Justices concur.*

No. 9429. MAY 10, 1933.

*M. B. Eubanks,* for plaintiff in error. *Y. A. Henderson,* contra.