29491. POPE v. UNITED STATES FIDELITY & GUARANTY CO.

BROYLES, C. J. 1. "A garnishment proceeding makes a case separate and distinct from that in aid of which it is instituted. . . The defendant in the main case is not a party to a garnishment which is undissolved; and in such a case he will not be heard to complain of the judgment rendered in favor of the plaintiff against the garnishee." *Jones* v. *Maril*, 19 *Ga. App.* 216 (91 S. E. 445); *Farmers & Traders Bank* v. *University Publishing Co.*, 9 *Ga. App.* 128 (5) (70 S. E. 602); *Warner* v. *Burkhalter*, 22 *Ga. App.* 71 (2) (95 S. E. 470).

2. "A third person not a party to the record can not go into a court and move to set aside a judgment which is not against him." *Merchants &c. Bank* v. *Haiman*, 80 *Ga.* 624 (2) (5 S. E. 795); *Jones* v. *Smith*, 120 *Ga.* 642 (6) (48 S. E. 134); *Bruce* v. *Neal Bank*, 147 *Ga.* 392, 396 (94 S. E. 241); *Chapman* v. *Taliaferro*, 1 *Ga. App.* 235, 238 (58 S. E. 128); *Rowe* v. *Peoples Credit Clothing Co.*, 37 *Ga. App.* 535 (2) (140 S. E. 800).

3. In the absence of a *timely* traverse to the garnishee's answer admitting indebtedness to the defendant, a claimant can not maintain a claim to the fund, and such claim should be dismissed. *Davis* v. *Pringle*, 108 *Ga.* 93 (33 S. E. 815); *Kent* v. *Frost*, 32 *Ga. App.* 764 (124 S. E. 812).

4. After a judgment has been entered discharging the garnishee, it is too late for any claimant to file or maintain a traverse to the answer of the garnishee. *Banks* v. *Hunt*, 70 *Ga.* 741; *Smith* v. *Wellborn*, 73 *Ga.* 131 (4).

5. The plaintiff in error, a soldier in the service of the United States, was not entitled to a stay of the judgment against the fund which the garnishee had paid into court. The judgment was not against him and he was not a party to the garnishment case. Furthermore, under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U. S. C. A. §§ 510 et seq., 1941 cumulative annual pocket part), a soldier is not entitled to the stay of a judgment against him, "where, in the opinion of the court passing on the matter, the ability of such person to comply with the judgment is not materially affected by reason of his military service; nor is such person entitled to a stay of a proceeding against him, merely by virtue of said act, unless, in the opinion of the court passing on the question, his ability to conduct his defense is materially affected by reason of his military service." *Pope* v. *U. S. Fidelity & Guaranty Co.*, 67 *Ga. App.* 416 (20 S. E. 2d, 618).

6. Applying the above-stated rulings to the facts of this case, the court did not err in denying the motion, filed by the defendant in the main case, to vacate the judgment against the fund which the garnishee admitted he owed the defendant, which fund he had paid into court, and had then been discharged.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*

Decided July 8, 1942.

*C. C. Crockett,* for plaintiff.　*Nelson & Nelson,* for defendant.