34863. McCLENTON *v.* WETHERINGTON.

FELTON, J. An affidavit of illegality is not the proper remedy to test the validity of a judgment where it does not appear that an execution has issued thereon and has been levied upon property of the defendant in execution. Code (Ann.) §§ 39-1001, 39-1003; *Tanner* v. *Wilson*, 183 *Ga.* 53 (187 S. E. 625); *Robbins* v. *Kinman*, 177 *Ga.* 46 (169 S. E. 304). It follows that, where garnishment proceedings were instituted and bond dissolving garnishment filed, the judge of the Municipal Court of Savannah did not err in dismissing the affidavit of illegality which attacked the service of process in the main action. *Studdard* v. *Stephens*, 44 *Ga. App.* 324 (161 S. E. 648); *Carter* v. *Alma State Bank*, 34 *Ga. App.* 766 (131 S. E. 184); *Georgia Ry. &c. Co.* v. *Head*, 150 *Ga.* 177 (103 S. E. 158). There is no ruling in *Leake* v. *Tyner*, 112 *Ga.* 919 (38 S. E. 343), and similar cases contrary to the rulings in the foregoing authorities. Any intimations to the contrary in *Jackson* v. *Barksdale*, 17 *Ga. App.* 461 (87 S. E. 691), *Flynn* v. *Jackson*, 18 *Ga. App.* 624 (90 S. E. 83), *Norris* v. *Carter & Nelson*, 32 *Ga. App.* 607 (124 S. E. 144), and other cases from this court, must yield to the rulings of the Supreme Court. The court did not err in dismissing the affidavit of illegality.
*Judgment affirmed. Sutton, C. J., and Quillian, J., concur.*

DECIDED OCTOBER 24, 1953.

*Edward J. Goodwin*, for plaintiff in error.
*Ralph J. Baldwin*, contra.