### 36566.  POWELL *v.* POWELL.

TOWNSEND, J. "No affidavit of illegality shall be received by any sheriff, or other executing officer, until a levy shall have been made." Code § 39-1003. An affidavit of illegality interposed by the defendant in the main case to a garnishment proceeding should be dismissed where it does not appear that there was any levy upon the property of the defendant. *Carter* v. *Alma State Bank,* 34 *Ga. App.* 766 (131 S. E. 184); *Jackson* v. v. *Barksdale,* 17 *Ga. App.* 461 (87 S. E. 691) ; *McClenton* v. *Wetherington,* 89 *Ga. App.* 61 (78 S. E. 2d 550). From the record in this case it appears only that the defendant in error obtained an alimony judgment against the plaintiff in error and then issued a garnishment based on this judgment naming Royal Management Company as garnishee; that the plaintiff in error filed an affidavit of illegality under Code § 39-1001

contending that the garnishment was proceeding illegally because he had paid the judgment in full; that this affidavit was ignored by the defendant in error and when the case was called for trial the plaintiff in error moved that judgment be entered in his favor because the defendant in error had not controverted the allegations of the affidavit as required by Code § 39-1006, whereupon the court denied the motion and granted a two day continuance, during which time the defendant in error did file a traverse, and the case then proceeded to a jury trial and verdict in favor of the defendant in error, the judgment creditor. No motion for new trial was made and no error is assigned on the final judgment except insofar as it is erroneous because the previous erroneous ruling entered into and affected the further progress and final result of the case.

A garnishment proceeding is a separate and distinct case against a separate party and for an entirely new cause of action. The defendant in the main case, if he wishes to contest the garnishment in his own name, should follow the proceeding outlined in Code § 46-401 by means of a dissolution bond, and in such event the bond changes the parties by changing the issue from one between the plaintiff and the garnishee to an issue between the plaintiff and the defendant. *Jackson* v. *Hogan*, 18 *Ga. App.* 219 (2) (89 S. E. 184); *Rainey* v. *Eatonton Co-Op Creamery*, 69 *Ga. App.* 547 (1) (26 S. E. 2d 297); *Pope* v. *United States Fidelity &c. Co.*, 67 *Ga. App.* 560 (1) (21 S. E. 2d 289). It does not appear that this procedure was followed.

Pretermitting the question of whether the plaintiff in error, under the circumstances here set forth, has a right to appeal, and to prosecute the same without naming the garnishee, who is the proper defendant, as a party in the bill of exceptions, and also passing over the question of error in the conduct of the case in allowing a continuance for the purpose of filing an answer to a legally unpermissible pleading, the plaintiff in error nevertheless shows no error of which he has any right to complain, and the judgment of the court will for this reason alone be

*Affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED FEBRUARY 12, 1957.

*E. L. Stephens, Jr., Beverly B. Hayes,* for plaintiff in error.
*Buckner F. Melton,* contra.