36929. ASSOCIATES DISCOUNT CORPORATION *v.* GENTRY.

DECIDED JANUARY 17, 1958.

*Robert Edward Surles*, for plaintiff in error.
*Bobby Lee Cook, Charles T. Culbert*, contra.

TOWNSEND, Judge. ■ "An order overruling a demurrer to an affidavit of illegality is such a final judgment as will support a writ of error therefrom." *Miles* v. *Swift*, 38 *Ga. App.* 42 (1) (142 S. E. 472); *Artope* v. *Barker*, 72 *Ga.* 186; *Chattooga County* v. *Glenn*, 29 *Ga. App.* 114 (113 S. E. 704). "When the record shows clearly who were parties to the litigation in the court below, the writ of error shall not be dismissed because the bill

of exceptions fails to specify or designate the parties plaintiff in error or defendant in error." Code (Ann.) § 6-1202 (Ga. L. 1957, pp. 224, 228). Accordingly, a bill of exceptions reciting that the trial court passed an order overruling the general and special demurrers filed by the plaintiff to the affidavit of illegality filed by the defendant, and that to this ruling the plaintiff in error, Associates Discount Corporation, excepted and now excepts and assigns the same as error on the ground that it was contrary to law for the reason that the affidavit of illegality fails to present any defense to plaintiff's execution, is sufficient, and the motion to dismiss the bill of exceptions must be denied.

■ Under Code § 67-1601, foreclosure of conditional-sale contracts shall be the same as the procedure for foreclosure of mortgages. Code § 67-703 dealing with foreclosures of mortgages on personal property provides that the sheriff shall, when the execution shall be delivered to him, levy upon the property. Under Code § 39-1003, no affidavit of illegality shall be received by any sheriff or other executing officer until a levy shall have been made. Until there is a levy, the affidavit of illegality cannot legally be filed and is subject to dismissal. *Georgia Ry. & Power Co.* v. *Head,* 150 *Ga.* 177, 178 (103 S. E. 158) ; *Robbins* v. *Kinman,* 177 *Ga.* 46 (169 S. E. 304). Likewise, of course, until there has been a levy there is nothing upon which the foreclosure proceeding itself can operate. Code § 67-1601, supra; *Kellogg & Co.* v. *Buckler & Short,* 17 *Ga.* 187, 191 (3).

The fact that under the prior foreclosure proceeding, which was eventually quashed, the automobile was levied upon and sold has no bearing upon what is ruled here. That proceeding was another and different case and is not before the court at this time, and we cannot decide in this case either the rights of the parties or third persons, or the proper disposition of the fund which came into the court in the former case before its dismissal. There has been no levy in this case, for which reason there is no valid affidavit of illegality in this record. The court should have dismissed the pleading for this reason, and, since the general demurrer on the ground that the affidavit of illegality presents no legal defense is broad enough to cover this point, it was error to overrule it. Since the affidavit of illegality was not in proper form for consideration, the rulings of the court

on the special demurrers are nugatory and cannot affect this case in the trial court.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*