38655. LAMB v. ALLSTATE INSURANCE COMPANY.

TOWNSEND, Presiding Judge. 1. Where, in a garnishment proceeding, the plaintiff in execution files a traverse to the garnishee's answer of not indebted, the burden of proof is upon such plaintiff to prove that the garnishee is indebted to the defendant in execution. *Rainey v. Eatonton Co-operative Creamery*, 69 Ga. App. 547 (4) (26 S. E. 2d 297); *Rockmart Bank v. Nix*, 14 Ga. App. 238 (80 S. E. 673).

2. The issue formed on a traverse to the answer of the garnishee is whether or not the garnishee was indebted to or had assets of the defendant in its possession between the time of service of the summons of garnishment and the time of answer by the garnishee. A garnishing plaintiff occupies no better position in respect to the garnishee than does the defendant debtor, and if such debtor could not get judgment against the garnishee, the garnishing plaintiff will also be unable to prevail. *Adair-Levert, Inc. v. Atlanta Envelope Co.*, 70 Ga. App. 685 (29 S. E. 2d 323).

3. The institution of a garnishment proceeding and service of the garnishment summons on the garnishee constitutes a suit, which is a separate and distinct proceeding from the action between the plaintiff and the defendant in execution. *Myrick v. Jones-Stewart Motor Co.*, 39 Ga. App. 614 (147 S. E. 917); *Powell v. Powell*, 95 Ga. App. 122 (97 S. E. 2d 193).

4. The holding in *Hodges v. Ocean Accident &c. Corp.*, 66 Ga. App. 431 (18 S. E. 2d 28) relied on by the plaintiff in error is to the effect that where there is, on the trial of a traverse to the answer of the garnishee insurance company, proof that the plaintiff has obtained a judgment against the defendant in execution for injuries growing out of an automobile collision, the defendant being an insured of the garnishee under the terms of the automobile liability policy as to such collision and the garnishee is by the terms of the policy and the circumstances shown indebted to the defendant and obligated to pay out all sums which the defendant must pay to a third party because of his negligence causing such collision and damage, then the insurance policy, to the extent of the judgment rendered or to the extent of its coverage, constitutes an asset of the defendant insured which may be reached

after judgment against him by such injured third party by service of summons of garnishment on the insurance company. But, for such action to lie, the plaintiff has the burden of showing, not only that there is an automobile liability policy in force and effect between the garnishee and the defendant, and that the plaintiff has a judgment against the defendant in an action for damages, but the plaintiff must also show that the action for damages arose out of an automobile collision or other occurrence under circumstances rendering the insurance company liable for any judgment obtained against the insured, since in the absence of proof that the garnishee insurance company was indebted to or held assets of the defendant, the fact that the defendant had insurance coverage generally does not constitute proof of liability. The plaintiff here showed only that he had a judgment against the defendant in an action for damages filed in another court, and that the defendant had in force a policy of automobile liability insurance with the garnishee. The plaintiff not only failed to prove, as pointed out by the trial court, that the conditions precedent to liability of the insurance company under the policy, such as proper notice, had been complied with; he also failed to prove that his judgment against the defendant arose out of an automobile collision at all or that, if it did, it arose under any circumstances which would create any liability on the part of the insurer to the defendant under the terms of the policy. Had the defendant been suing the insurance company under the policy in evidence here, it is obvious that mere proof by the defendant that there was a judgment outstanding against him at a time when he had a policy of automobile liability insurance in force and effect would be insufficient to establish any liability of the insurance company to pay off such judgment, in the absence of proof that the judgment represented compensation to a third party injured in an automobile collision by reason of the defendant's negligence under circumstances which would render the insurance company liable under the terms of its policy of insurance. There being no proof here connecting the judgment with the insurer's liability under its policy provisions, the trial court properly entered an order discharging the garnishee, and thereafter overruling the plaintiff's motion for new trial.

*Judgment affirmed. Carlisle, Frankum and Jordan, JJ., concur.*

Decided January 17, 1961—Rehearing denied
February 1, 1961.

*Franklin B. Anderson,* for plaintiff in error.
*Claude Ross, Edwin Ross,* contra.