46823.  INSURANCE COMPANY OF NORTH AMERICA v. HALL.

ARGUED JANUARY 6, 1972—DECIDED MARCH 17, 1972—REHEARING DENIED MARCH 31, 1972—

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellant.

*Baker & Bailey, Kirby G. Bailey,* for appellee.

JORDAN, Presiding Judge. 1. The appellant's contention on this appeal is that John W. Hall, as plaintiff, has failed to prove any indebtedness on the part of the Insurance Company of North America to D. & L. Transfer Company, Inc. and Nick P. Cubellis, or either, in that he has failed to prove that the accident, giving rise to judgment against D. & L. Transfer Company, Inc. and Nick P. Cubellis, was the result of an event covered under the policy between the Insurance Company of North America and D. & L. Transfer Company, Inc., relying on *Lamb v. Allstate Ins. Co.,* 103 Ga. App. 107 (118 SE2d 740).

In *Lamb,* supra, the plaintiff "showed only that he had a judgment against the defendant in an action for damages . . . and that the defendant had in force a policy of automobile liability insurance with the garnishee." Under those circumstances we held that such proof was insufficient to establish liability of the insurance company to pay off such judgment since there was *no* proof connecting the judgment with the insurer's liability under the provisions of the policy.

Here the proof as shown by the record, including the stipulation of the parties, is much more complete and overcomes the deficiency noted in *Lamb.* The stipulation between the parties shows: (1) That the accident happened on December 9, 1969, (2) That suit was filed within the statute of limitation and judgment was entered on 2nd day of November, in the amount of $9,000 plus $35 costs, (3) That the lawsuit was served on the D. & L. Transfer Company, Inc. through its president, Mr. Ben Deal, (4) That

plaintiff's exhibit number 1 was an insurance policy issued by the Insurance Company of North America to D. & L. Transfer Company "for whatever purposes are shown therein."

An examination of this policy shows its effective date to be September 11, 1968, and purports to cover "all vehicles owned by Deal Cartage Co. Inc., and for D. & L. Transfer Co., Inc." Plaintiff's exhibit 3 is a certified copy of a notice of cancellation filed with the Georgia Public Service Commission by the Insurance Company of North America purporting to cancel all policies issued by it to D. & L. Transfer Company effective July 28, 1971.

We conclude that the above facts, with logical and reasonable deductions to be drawn therefrom, amply supported the findings of the trial court that such policy was in effect at the time of the accident giving rise to the suit and that the judgment derived thereon was the same judgment upon which the plaintiff-appellee garnisheed the Insurance Company of North America.

2. There is no merit in the motion to assess damages because of an appeal for delay only.

*Judgment affirmed. Deen and Clark, JJ., concur.*