25523. CURRENCE v. FISHER BODY *et al.*

Decided October 30, 1936.

*E. L. Fowler, J. Wilson Parker,* for plaintiff.

*Neely, Marshall & Greene, W. Neal Baird,* for defendant.

Broyles, C. J. ■ Section 17 of the bankruptcy act (U. S. C. A. 172, title 11, § 35) provides that "a discharge in bankruptcy shall release bankrupt from *all* [italics ours] provable debts," with a few exceptions. One exception is that the discharge shall not release the bankrupt from a debt incurred by reason of his "wilful and malicious injuries to the person or property of another." Since, under the above-cited act, a discharge in bankruptcy releases the bankrupt from *all* of his provable debts, except in a few instances, a prima-facie defense is made out by a bankrupt when such a discharge is shown, and the burden is then cast upon the plaintiff to show that the debt sued for comes within one of the exceptions stated in the act. Smith *v.* Hill, 232 Mass. 188 (122 N. E. 310, 2 A. L. R. 1672), and cit.; *Bell* v. *Georgia Chemical Works,* 33 *Ga. App.* 286 (125 S. E. 871), and cit.

■ This was a garnishment proceeding sworn out against Fisher Body, Atlanta Division, General Motors Corporation. A verdict and judgment had been obtained by the plaintiff against H. J. Sullivan, an employee of said corporation, in a suit for personal injuries. In the answer of the garnishee it admitted having certain funds due to Sullivan, but alleged that because of Sullivan's discharge in bankruptcy the funds were not subject to the garnishment. The answer was traversed by the plaintiff, on the ground that the debt in question was based on a wilful and malicious injury to the plaintiff's person, and therefore came within one

of the exceptions to section 17 of the bankruptcy act. The issue thus raised was submitted to the judge, without the intervention of a jury, on an agreed statement of facts; and a judgment was rendered in favor of the garnishee and against the traverse. It was stipulated in the agreed statement of facts that "the sole question to be decided in this case is, was plaintiff's debt discharged by the defendant's bankruptcy, or does it come within the purview of section 17a (2) of the bankruptcy act of July 1, 1898, as a 'wilful and malicious injury to the person' of the plaintiff?" Attached to and made a part of the agreed statement of facts were "the petition, process, entry of service, answer, amendment, verdict, and judgment rendered in favor of the plaintiff and against the defendant" in the suit for personal injuries. The only evidence in the record that throws any light on the question involved is the original petition and the verdict and judgment in favor of the plaintiff, none of the evidence being incorporated in or attached to the agreed statement of facts. Under the ruling in *Buffington* v. *Atlanta, Birmingham & Coast R. Co.,* 47 *Ga. App.* 85 (169 S. E. 756), the petition in the instant case, properly construed (most strongly against the plaintiff), charged both simple, and wanton and wilful, negligence; and not having been attacked by a special demurrer on the ground of duplicity, the plaintiff had a right to recover upon proving either simple, or wanton and wilful, negligence on the part of the defendant. *Elrod* v. *Anchor Duck Mills,* 50 *Ga. App.* 531, 534 (179 S. E. 188). In the case at bar there is no evidence to show whether the jury based their verdict on simple negligence or on wilful and wanton negligence; and therefore the plaintiff in the garnishment proceeding failed to sustain the burden cast upon her of showing that her debt came within the particular exception pleaded in her traverse to the answer of the garnishee. This ruling is supported by the greater weight of authority in this State and in other jurisdictions. The cases cited by counsel for the plaintiff are differentiated by their particular facts from this case and the others above cited.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*