90 So.2d 823

James A. BURCHELL

v.

Morris C. GRISHAM.

8 Div. 840.

Supreme Court of Alabama.

Nov. 15, 1956.

Russell W. Lynne, Decatur, for appellant.

Thos. G. Steele, Athens, for appellee.

SPANN, Justice.

This is an appeal from a decree overruling respondent's demurrer to a bill in equity for a declaratory judgment.

The bill alleges, in substance, that appellee-complainant filed in the Limestone County Court, at Law, a suit for damages against appellant-respondent. The complaint was in two counts, one charging simple negligence and the other for willful and wanton injury.

A jury trial was had which resulted in a general verdict for the plaintiff and judgment was rendered thereon. Thereafter, respondent filed a petition in Bankruptcy. The Referee in Bankruptcy rendered a decree authorizing the complainant to proceed in the State Court with the collection of said judgment. Respondent appealed from this decree to the U. S. District Court, where the court in its decree, reversing the order of the referee, stated that "under the factual situation here presented that it cannot be conclusively determined from the State Court that the judgment is a nondischargeable debt, and that, therefore, this question regarding the character of this judgment should be reserved for final determination by the court in which the judgment was rendered."; and further stated "The judgment creditor, Morris C. Grisham, and the bankrupt, James A. Burchell, are free to make application to the Limestone County Court to determine the effect and character of its judgment during the pendency of this stay."

The bill further alleges that a justiciable controversy exists between complainant and respondent as to the character of said judgment, and specifically, as to whether said judgment is dischargeable in bankruptcy. The prayer is for a declaratory judgment.

The sole question presented is whether the instant suit was properly begun in the Limestone County Court, in Equity, rather than on the law side of said court. Appellant contends that appellee should have filed his suit for declaratory judgment on the law side of the Limestone County Court.

In the case of Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234, 236, we stated the following in reference to the jurisdiction of courts of law and equity to entertain suits for declaratory judgment:

"There may sometimes arise a question as to the proper court, whether law or equity, in which to proceed since the act does not specify, or whether it is available when there exists a common-law remedy, by which the same result may be reached.

"This suit illustrates a situation which might give rise to such a controversy, and we wish to emphasize the fact that there is no claim here made that it was begun in equity rather than at law, or that it is not available because of the existence of other remedy. * * *.

"In some states, in which the chancery court is separate from that at law, some difficulty has arisen in determining when a proceeding under such an act should be in equity and when at law. * * *.

"We cannot see that it is material whether the proceeding is begun on one docket or the other, so long as constitutional rights are preserved, * * *.

"The act here in question does not limit the jurisdiction to the equity court, but confers it upon a court of record. The effect, as we have said, is to give the courts of law and equity concurrent jurisdiction, so long as other constitutional rights are preserved."

For analogy, see Avery Freight Lines v. White, 245 Ala. 618, 18 So.2d 394, 154 A.L.R. 732.

■ There is no merit in appellant's contention that exclusive jurisdiction was given the Limestone County Court, at Law, by the decree of the U. S. District Court. We consider the effect of the decree of that court was merely to grant leave to the parties to apply to the appropriate State court for a determination of the effect and character of its judgment. The mode of procedure to be followed as well as the proper court, whether at law or in equity, would be governed by State laws.

■ We conclude, therefore, that the Limestone County Court, in Equity, has jurisdiction to entertain appellee's bill for declaratory judgment. Accordingly, the decree of the lower court overruling respondent's demurrer is due to be and is affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.