38645.   GREEN v. WILKERSON *et al.*

TOWNSEND, Presiding Judge. 1. While it is true (a) that only one who was a party to the cause in the trial court has a right to sue out a bill of exceptions in which he names himself as sole plaintiff in error, and (b) that one vouched in by the defendant in the trial court is not properly a party defendant to the law action and cannot be made such party defendant to the record over the objection of the plaintiff (*Masters v. Pardue,* 91 Ga. App. 684, 86 S. E. 2d 704, affirmed, 211 Ga. 772, 88 S. E. 2d 385), and (c) that in a garnishment proceeding undissolved the only parties are the plaintiff and the garnishee, and the defendant in fi. fa. is not such a party to the record as will entitle him to move to set aside the judgment (*Rowe v. Peoples Credit Clothing Co.,* 37 Ga. App. 535, 140 S. E. 800) or appeal from the judgment rendered therein (*Leake v. Tyner,* 112 Ga. 919, 38 S. E. 343); nevertheless, in the present garnishment proceedings where the garnishee vouched in the defendant in fi. fa. who, without being made a formal party to the proceedings, conducted the defense to the action through his attorney and thereafter filed a motion for

a new trial in his own name rather than in the name of the garnishee and the motion was not objected to but allowed and treated as valid by all parties, the defect was waived and the defendant did in fact by such action become a party to the record. Accordingly, the bill of exceptions complaining of the denial of the motion for a new trial will not be dismissed on the ground that the defendant in fi. fa. is not a proper plaintiff in error. The motion for a new trial having been filed on his own behalf, he, and not the garnishee, is the party aggrieved by the denial thereof.

2. The issue for decision in this garnishment proceeding is whether the judgment debt on which the garnishment was run had been discharged by the discharge in bankruptcy of the defendant in fi. fa. The defendant garnishee pleaded the debt schedule and discharge in bankruptcy, upon which it based its defense, admitting indebtedness, and it accordingly became a question for proof as to whether the conclusion of the garnishee that the debt had in fact been discharged was meritorious. The defendant in fi. fa. and garnishee contended that the discharge "except such debts as are, by said [Bankruptcy] Act, excepted from the operation of a discharge in bankruptcy" applied to this judgment debt arising from a tort action involving an automobile collision. The plaintiff contends that such judgment comes under 11 U.S.C.A. §35 (a) (2) excepting debts for wilful and malicious injuries to the person or property of another.

The petition, verdict and judgment in the tort action were introduced in evidence. The verdict and judgment merely showed an adjudication in favor of the plaintiff. The petition alleged that the plaintiff was parked on the right side of the county line adjacent to the extreme right side of the road and was walking behind the automobile; that the defendant approached from the rear, on the left side of the road, with plenty of room to pass; that when he was 40 feet from the plaintiff he suddenly and without warning cut to the right and directly into the plaintiff and the rear of the plaintiff's car, although visibility was good and nothing prevented him from observing the plaintiff's dangerous position; that the defendant was intoxicated to the extent that it was less safe for him to drive; that the plaintiff was thrown about five feet from the point of impact and his left leg was bleeding so severely he stated to

the defendant that he was bleeding to death and begged him to cord his leg; that the defendant refused to do so until after he had extracted a promise from the plaintiff not to call the police; that it was daylight, visibility was good, and there was no existing hazard which prevented the defendant from seeing the plaintiff's dangerous position, and that the injuries and damage inflicted were wilful and malicious. Nowhere does the petition charge the defendant with negligence, but the entire cause of action is laid upon wilful misconduct. The facts pleaded, if supported by evidence, would support a finding that the defendant was guilty of such misconduct. In *Buffington v. A. B. & C. R. Co.*, 47 Ga. App. 85, 88 (169 S. E. 756) it was held: "Since the words 'negligence' and 'wilfulness' are incompatible, and a cause of action sounding in ordinary negligence is one thing, and one sounding in wilful misconduct is another, a plaintiff in a single count must proceed upon one theory or the other, and cannot, in the absence of a statute permitting it, allege in such count both simple negligence and wilful misconduct." In *Flint Explosive Co. v. Edwards*, 86 Ga. App. 404 (71 S. E. 2d 747), the petition in a tort action was based on two counts, one for ordinary negligence and one based on wilful and wanton conduct. The jury returned a general verdict for the plaintiff, which was reversed because, although ordinary negligence would have supported a recovery, and there was evidence to sustain a verdict based on ordinary negligence, there was no proof of acts amounting to wilful and wanton misconduct. This case is therefore authority for the proposition that where, as here, the cause of action is based on wilful misconduct only, a verdict resting merely on negligence would not be allowed to stand, from which it must be assumed that the verdict and judgment in the tort action, unreversed, constituted a finding that the plaintiff had proved his cause of action as laid, and had proved that the acts of the defendant were in fact wilful and malicious (in other words, so wantonly reckless as to be the equivalent of intent). Such a judgment not being dischargeable in bankruptcy, the trial court properly found in favor of the plaintiff.

This case is distinguished from *Currence v. Fisher Body Co.*, 54 Ga. App. 457 (188 S. E. 268), in that there the petition was duplicitous, charging both negligence and wilful misconduct,

and it was accordingly impossible to tell upon which theory the jury had predicated its verdict. It is also distinguishable from *Frye v. Pyron*, 51 Ga. App. 613 (181 S. E. 142), for the same reason.

3. The special grounds of the amended motion for new trial, being but amplifications of the general grounds, will not be specially considered.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Carlisle, Frankum and Jordan, JJ., concur.*

· DECIDED JANUARY 20, 1961.

*Wendell J. Helton, Robert T. Efurd,* for plaintiff in error.

*Bullock, Yancey & Mitchell, Kyle Yancey, Harris Bullock, M. H. Blackshear, Jr.,* contra.

