Neil R. MURPHY, Appellant,

v.

James Hartman WHEATLEY, III, Bankrupt, Appellee.

No. 23499.

United States Court of Appeals
Fifth Circuit.

April 15, 1966.

Everett L. Almon, Columbus, Ga., for appellant.

Beverly R. Keil, Columbus, Ga., for appellee.

Before TUTTLE, Chief Judge, and RIVES and COLEMAN, Circuit Judges.

PER CURIAM:

This appeal is from a judgment on review of a Referee's order. For a clear understanding of the facts and of the issue presented, a copy of the judgment appealed from is attached as an appendix to this opinion. The cause is now submitted upon a series of motions and objections thereto.

The appellant moves for leave to proceed on the original record and typewritten briefs, alleging that the appellant is a Private in the United States Army, presently stationed in Viet Nam, and has insufficient funds with which to pay the costs. The motion is signed by the attorney for the appellant but is not sworn to.

To that motion the appellee responds by stating: that the named appellant, Neil R. Murphy, has been paid in full the amount of his sustained damages by Calvert Fire Insurance Company with the exception of $50.00, and has assigned and transferred all of his rights to recovery to said Calvert Fire Insurance Company; that Calvert Fire Insurance Company has employed appellant's attorney on a contingent fee basis and it is the Insurance Company only which has a substantial interest in the matter in litigation. The appellee makes oath that the allegations contained in the response are true. The appellee in turn moves to dismiss the appeal upon various grounds, among others: that under Rule 16 of this Court the appellant has failed to file the record, docket the case, and pay the filing fees within the required time; that the "Appellant and his attorney are not proceeding in good faith and are perpetrating a fraud upon this Court in that it is the insurance company of Appellant who has the substantial interest in this matter and that said insurance company is financially able to pay the costs in this proceeding." Again, the averments in this motion are sworn to be true by the appellee.

The attorney for the appellant then filed an unsworn application for stay, praying that all further proceedings in this case be stayed until the termination of the military service of Neil R. Murphy, pursuant to the provisions of the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. App. § 521.

The appellee responds to the application for stay by again alleging that Neil R. Murphy is not the party having a substantial interest in this matter, and that in fact the Calvert Fire Insurance Company, his assignee, is the holder of the substantial interest in the case. This response is verified by the oath of the appellee. In addition, the appellee files a further motion to dismiss the appeal on various grounds, among others, that the appeal is frivolous and that the appellee will be irreparably harmed and prejudiced by the continuance of this case since the appellant has not filed a supersedeas bond to protect the appellee. The appellee further files various requests for admissions and interrogatories to be answered by the appellant or his attorney under oath. Appellant's attorney has not responded, under oath or otherwise, to any of the appellee's allegations.

On this state of the record, it seems clear to us that the judgment of the district court was correct. The burden is on the creditor to show which part of the judgment, if any, is based on willful and malicious injury. Collier on Bankruptcy, 14th ed., Vol. 1, p. 1642, ¶17.17.

182

■■ We agree with the Referee that it would be more appropriate for the question of the dischargeability of this debt to be determined by the State court after the bankruptcy proceedings have been concluded. See Burchell v. Grisham, 1956, 265 Ala. 296, 90 So.2d 823. We find that the appeal is frivolous and not taken in good faith and the appeal is therefore

Dismissed.

### APPENDIX

Filed at 4:20 P.M., December 30, 1965,
Jonnie L. Adams, Deputy Clerk,
U. S. District Court

### IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA COLUMBUS DIVISION

### BANKRUPTCY NO. 7446

In the Matter of:

JAMES HARTMAN WHEATLEY, III,
Bankrupt

### JUDGMENT ON REVIEW OF REFEREE'S ORDER

This case is before the Court on petition to review a decision of the Referee by which a state court garnishment proceeding was enjoined pending completion of bankruptcy proceedings in this court.

On September 7, 1965 Neil R. Murphy, who will hereinafter be referred to as Petitioner, obtained a judgment against the above named Bankrupt in the amount of $1,100.00 after trial of an automobile collision case in the City Court of Columbus, Georgia. On November 3, 1965 the Bankrupt filed a voluntary petition in bankruptcy which is now pending in this Court, the first meeting of the creditors having been scheduled by the Referee for November 23, 1965. On or about November 10, 1965 (about a week after the filing of the petition in bankruptcy) the Petitioner in this application for review filed a garnishment proceeding against the employer of the Bankrupt based upon the judgment obtained in the state court. On November 12, 1965 the Bankrupt filed a petition with the Referee in Bankruptcy seeking a restraining order prohibiting Petitioner from maintaining said garnishment proceeding and praying that Petitioner be temporarily and permanently enjoined from permitting said garnishment proceeding to pend. The Referee in Bankruptcy set the matter down for a hearing on November 16, 1965 and the hearing was completed on November 17, 1965. Petitioner contended before the Referee in Bankruptcy that the debt evidenced by the judgment obtained in the City Court of Columbus was not dischargeable under the provisions of the Bankruptcy Act. The Bankrupt contended that it was dischargeable. The material parts of the record in the automobile accident case were introduced into evidence and it appears that suit was brought by the Petitioner against the Bankrupt in two counts. In the first count ordinary negligence was alleged as being the basis of liability and in the second count wilful and wanton conduct was alleged as the basis of liability. After hearing the evidence the jury returned a verdict in favor of the Petitioner for a lump sum without specifying whether the award was made on a theory of ordinary negligence or on a theory of wilful and wanton conduct and judgment was entered accordingly.

When the hearing was conducted before the Referee he suggested to counsel for Petitioner that he felt that it would be more appropriate for the question of the dischargeability of this debt to be determined by the state court after the bankruptcy proceedings had been concluded in this court. Petitioner's counsel stated that he did not desire to follow that course and insisted upon a ruling from the Referee. The Referee then proceeded to consider the question of dischargeability, deeming the question to be, "whether this is a verdict and judgment for wilful and malicious injuries which would bar its discharge in bankruptcy".

Although the Referee posed the question in this manner it does not appear from his order which was entered on November 17, 1965 that he actually decided

the question, he having deemed it to be a question of such doubt that in the circumstances he felt that the status quo should be maintained, and ordered dismissal of the garnishment pending the conclusion of the bankruptcy proceeding, and enjoined Petitioner from commencing any other garnishment proceeding in the interim.

On November 22, 1965 the Petitioner filed a "Petition for Supersedeas" with this Court, reciting the history of the matter and praying that this Court temporarily vacate the order of the Referee in Bankruptcy pending a final determination of the basic question presented on petition for review of the Referee's order, which petition for review was to be submitted shortly. Without conducting a hearing thereon the Court entered an order temporarily superseding the order entered by the Referee in Bankruptcy on November 17, 1965, so that the Court might have opportunity to give consideration to the basic question involved. Since that time a petition for review has been filed and the Court has given consideration to the briefs which have been submitted by counsel in support of their respective positions.

It is clear from a review of the pleadings in the state court damage suit and a reading of the jury's verdict and the judgment entered thereon that it cannot be determined whether the judgment which was entered against the Bankrupt was for damages resulting from ordinary negligence or for damages resulting from wanton and wilful conduct, and there is nothing else in the record which aids us in determination of this question. It is noted that counsel for the Bankrupt states in her brief that the verdict could not have been for wanton and wilful conduct because the City Court Judge did not submit that question to the jury, but there is nothing in the record to this effect. As stated, it is impossible to determine from the record what theory the jury adopted. It is, of course, clear that if the judgment obtained by Petitioner was for damages sustained as a result of wanton and wilful conduct on the part of the Bankrupt, it is not a debt which would be dischargeable in bankruptcy. On the other hand, if it is a judgment obtained for damages sustained as a result of ordinary negligence, it is a debt which is dischargeable in bankruptcy.

A party who contends that a debt is not dischargeable in bankruptcy has the burden of proof and it is this Court's view that such burden is not carried when the evidence introduced shows that the action was based on ordinary negligence and also on wilful and wanton negligence and there is no evidence to show which theory the jury adopted in making its verdict, the verdict being indecisive. In this situation it cannot be said that the debt is one which is not dischargeable in bankruptcy. See Currence v. Fisher Body et al., 54 Ga.App. 457, 188 S.E. 268.

It follows from the foregoing that the order of the Referee should be and the same is hereby approved and confirmed and the order heretofore entered by the Court on November 22, 1965, by which the Referee's order was temporarily superseded, is hereby vacated and the matter is remanded to the Referee in Bankruptcy for further proceedings.

IT IS SO ORDERED this 30th day of December, 1965.

J. ROBERT ELLIOTT
United States District Judge

I, the undersigned certify and return that I have mailed a true copy of this judgment to: Mr. Everett L. Almon and Mrs. Beverly R. Keil, Columbus, Georgia.

This 30th day of December, 1965.

JOHN P. COWART
Clerk
By JONNIE L. ADAMS,
(Jonnie L. Adams),
Deputy Clerk