**HILTON CREDIT CORPORATION,**
**Appellant,**

v.

**Edwin Emil JAGGLI, Appellee.**

**No. 20557.**

United States Court of Appeals
Ninth Circuit.

Sept. 19, 1966.

Joseph N. Tilem, Diamond, Tilem & Colden, Los Angeles, Cal., for appellant.

Jack Galen Whitney, San Diego, Cal., for appellee.

Before BARNES, JOHNSEN* and DUNIWAY, Circuit Judges.

JOHNSEN, Circuit Judge.

Some time after appellee's discharge in voluntary bankruptcy, appellant instituted suit against him in a California state court on allegation that its claim was within the exception from discharge under § 17(a) (2) of the Bankruptcy Act, 11 U.S.C.A. § 35(a) (2), of "liabilities for obtaining money or property by false pretenses or false representations". The Referee on ancillary petition by appellee enjoined appellant from prosecuting the action, and on petition for review the District Judge affirmed. We reverse.

The claim, which was in the amount of $4,380.30, had constituted appellee's principal scheduled debt. It consisted of charges which appellee had cumulatively made, during the course of his moving from Virginia and becoming located in California, for services, accommodations, food and other items which he obtained by the use of a "Carte Blanche" credit card issued to him by appellant.

Ever since the Bankruptcy Act was enacted, it has been the policy of the bankruptcy courts, such as to have caused the practice to become crystalized into a rule on general discretion, that where a creditor brings a suit against the bankrupt after discharge, the question whether the claim involved is within the operation of the discharge or within the exceptions therefrom of § 17 of the Act should ordinarily be left to the court in which

* Harvey M. Johnsen, of the Eighth Circuit, sitting by designation.

such action has been instituted.[1] See I Collier on Bankruptcy, 14th ed., § 17.28, p. 1698; White v. Public Loan Corp., 247 F.2d 601, 602–603 (8 Cir., 1957); Ciavarella v. Salitura, 153 F.2d 343, 344 (2 Cir., 1946); Watts v. Ellithorpe, 135 F.2d 1, 2–3 (1 Cir., 1943).

■ The bankruptcy court may, however, properly engage in ancillary interference with such a suit where unusual circumstances are present. Cf. Local Loan Co. v. Hunt, 292 U.S. 234, 241, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); Briskin v. White, 296 F.2d 132, 135 (9 Cir., 1961); California State Board of Equal. v. Coast Radio Prod., 228 F.2d 520 (9 Cir., 1955). The term "unusual circumstances" is, of course, a flexible one, but it has had its principal application within the latitude of whether the remedy in the non-bankruptcy forum can be regarded as inadequate. Collier, supra, § 17.28 at pp. 1702–1704.

The concept of adequacy as to remedy has, however, not been limited to legal test or basis, but it has been given extension to equitable considerations on any entailing of undue collateral consequences to the bankrupt in a particular situation as against the allowing of outside pursuit of alleged post-discharge rights in general. Thus, the Supreme Court, in Local Loan Co., supra, indicated its approval of the holding made in Seaboard Small Loan Corp. v. Ottinger, 50 F.2d 856, 859, 77 A.L.R 956 (4 Cir., 1931) as to the inadequacy of remedy of the non-bankruptcy forum there existing, "because of the wholly disproportionate trouble, embarrassment, expense, and possible loss of employment which it involve(d)". 292 U.S. at 242, 54 S.Ct. at 698.

■ But there is in all this nothing which affords any warrant for the bankruptcy court's action of interference in the present situation. The record is devoid of any basis for regarding the state-court remedy here as being inadequate, either in legal aspect or inequitable consequence.

Appellant had merely instituted a suit on its substantial claim after appellee's discharge, on allegation, presumptively made in good faith, that the indebtedness was one which rested on false pretenses and false representations in its incurrment and thus was not within the operation of appellee's discharge. It had engaged in no post-discharge contact with appellee, either before or after the suit was brought, so that no harassment could be claimed to be involved, either by way of personal hounding or in respect to his employment relations. There was no basis to regard the action as having been brought for the purpose, not of obtaining a judgment in regular course, but of dragging out and using its pendency, irrespective of the merits of the claim, to try to force appellee into making a settlement as a matter of general expediency. On the record before us, there is nothing to suggest why, if appellant was mistaken in its view that the debt was legally one which was not within the operation of the discharge, this was not capable of being made a matter of simple defense by appellee in the state-court suit, without any inequitable hardship upon him.

To permit the decree here to stand would be for us to give sanction and to open the door to ancillary interference by the bankruptcy court in every post-discharge suit by a creditor under § 17 of the Act, without regard to whether there were any circumstances which either legally or equitably called for such intrusion.[2]

---

1. Some of the earlier decisions regarded the bankruptcy court as lacking jurisdiction to engage in any ancillary restraint of a post-discharge action.

2. The Referee permitted appellee to testify that he had intended to make payment of the charges incurred by him out of a profit-sharing bonus which he anticipated he would receive from his former Virginia employer, in the amount of $3,000. Appellant took no part in this aspect of the proceeding, but contented itself with standing on its objection to the assumption of jurisdiction. The question of whether false pretenses or false representations were involved thus was not

The judgment of the District Court is reversed, with directions to vacate the order of injunction and to have dismissal without prejudice made of appellee's ancillary petition.

made the subject of adversarial development, and the Referee simply used this testimony of appellee to issue an injunction.