**COPPERSTATE SUPPLY CO., a division of Anderson Air Activities, Inc., and John B. Marron, Appellants,**

v.

**Harley J. FISHER et al., Appellees.**

**No. 25246.**

United States Court of Appeals, Ninth Circuit.

Sept. 30, 1971.

John B. Marron (argued), of Gorodezky, Marron & Diamond, Phoenix, Ariz., for appellants.

George F. Senner, Jr. (argued), of Cavness, DeRose & Senner, Phoenix, Ariz., for appellees.

Before CHAMBERS and CARTER, Circuit Judges, and BYRNE,* District Judge.

JAMES M. CARTER, Circuit Judge.

Appellees Fisher, were granted a discharge in bankruptcy on February 10, 1969. On June 25, 1969, the estate was reopened to determine whether appellants be permanently enjoined from proceeding against the bankrupts in an Arizona Superior Court action to recover on a judgment obtained on May 22, 1968, and renewed on May 26, 1969. The court below, adopting the referee's findings of fact and conclusions of law, granted the injunction. Appellants, here, object to that court's findings and to its exercise of discretion in granting the injunction. Finding no error, we affirm.

Appellants' objections pose two issues: (1) whether appellant Copperstate had sufficient notice of the earlier bankruptcy proceedings for their debt to be affected by the discharge; (2) whether sufficient circumstances were present to justify the court's exercise of discretion in granting an injunction of state proceedings.

We note that recent changes in the law now give the bankruptcy court general jurisdiction to determine the effect of a discharge. Act of October 19, 1970, Public Law No. 91–467, 84 Stat. 990, amending § 2(a) (12) of the Bankruptcy Act, 52 Stat. 840, 843 [11 U.S.C. § 11(a) (12)]. However the amendment applies only to bankruptcy cases filed after December 18, 1970. Since this case was filed before that time, the prior law obtains.

* Honorable William M. Byrne, Senior United States District Judge, Central District of California, sitting by designation.

### Notice

The court below exercised its ancillary jurisdiction to protect its earlier decree of discharge. For the court to protect its decree, however, the debt in question must be affected by that discharge.

The Bankruptcy Act excepts from the discharge of a bankruptcy proceeding those debts which "have not been duly scheduled in time for proof and allowance." 11 U.S.C. § 35 (1970). Not within this exception, however, are the debts of creditors who "had notice or actual knowledge of the proceedings in bankruptcy." Id.

The court below adopted the referee's findings that Copperstate had received both actual and constructive notice. Appellants challenge these findings. They deny actual notice. They also argue the inadequacy of any notice in that the petition for bankruptcy listed them as involved in litigation with the appellees and not specifically as creditors.

■ Our review of the record discloses substantial support for the finding of actual notice or knowledge. The testimony of several witnesses indicates that appellants received notice of the bankruptcy from as many as four different sources. While appellants find fault with some of the testimony, their objections do no more than establish a conflict in the evidence. The finding of actual notice or knowledge was not "clearly erroneous." Fed.R.Civ.Proc. 52(a).

### "Unusual Circumstances"

■ Appellants also contend that the record of the proceedings held before the referee in bankruptcy does not show circumstances sufficient to warrant the injunction of state court proceedings. They rely on the long-standing rule that a bankruptcy court merely determines the right to a discharge, and not the effect thereof. By this rule, the effect of a bankruptcy discharge is ordinarily adjudicated in the non-bankruptcy forum when the creditor sues on a debt and bankruptcy is raised as a defense. Hilton Credit Corp. v. Jaggli (9 Cir. 1966) 366 F.2d 793, 794; Vol. 1a Collier on Bankruptcy § 17.28 at 1726 (14th ed.). Adjudication of the effect of the discharge is permitted, however, where "unusual circumstances" such as where the remedy in the non-bankruptcy forum is inadequate, or where the pursuit of that remedy involves disproportionate trouble, embarrassment, expense, or the possible loss of employment. Hilton Credit Corp. v. Jaggli, *supra*. See Local Loan Co. v. Hunt, 292 U.S. 234, 241–242, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). The determination of when such circumstances exist is within the sound discretion of the bankruptcy court. *See* California State Board of Equalization v. Coast Radio Prod. (9 Cir. 1955) 228 F.2d 520, 523.

■ Applying the law of *Local Loan* and *Hilton,* we cannot say the trial court abused its discretion. The evidence is sufficient to support a finding of harassment. In addition to obtaining the judgments against the appellees, appellants have filed several garnishments on appellees' employers, without notice to appellees. In doing so they may not only have tied up appellees' wages; they may also have endangered appellees' employment. We hold that this evidence of harassment reasonably constitutes "unusual circumstances" sufficient to warrant an injunction of state proceedings.

The judgment is affirmed.

WILLIAM M. BYRNE, Senior District Judge (dissenting):

I respectfully dissent. As I view it, the appellees never established "unusual circumstances" within the meaning of Local Loan and Hilton, to justify the referee's invocation of an equitable remedy. Because the Bankruptcy Act has been amended and the question cannot occur again, it would serve no purpose to express my views at length.