Commonwealth of Pennsylvania, Department of Labor and Industry to the Use of Unemployment Compensation Fund, Appellant, *v.* Lawrence E. Peters, Appellee.

Argued March 4, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Michael H. Chwastiak,* Assistant Attorney General, with him *Herbert W. Hoffman,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Leslie B. Handler,* for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, April 22, 1975:

Before us for disposition is the Commonwealth's appeal from an order of the Court of Common Pleas of Dauphin County directing the Prothonotary of Dauphin County "to strike the liens entered to Nos. 1011, 1012, 1013 and 1014 September Term 1973 and remove any reference thereto from the indices."

Lawrence E. Peters (appellee) was the owner of a bricklaying business in Dauphin County employing an unspecified number of individuals. As such an employer, pursuant to the provisions of the Pennsylvania Unemployment Compensation Law,[1] appellee was subject to unemployment compensation taxes. Appellee failed to pay said taxes for portions of the years 1961 and 1962, and consequently the Commonwealth made appropriate tax assessments and entered four tax liens for the quarters in question against appellee in Dauphin County in 1962. The amount due and owing the Commonwealth was not paid, and thus in 1968 and again in 1973, the liens were revived.

On September 11, 1969, appellee filed a voluntary petition in bankruptcy and on October 30, 1969, appellee was duly "discharged from all debts and claims which by the Act of Congress relating to Bankruptcy, are made provable against his estate except such debts as set by statute, excepted from the operation of a discharge in bankruptcy." Despite this discharge, the Commonwealth, in 1973, revived the four tax liens on the theory that they

---

1. Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

were not discharged under the language of section 17(a) (1) of the Bankruptcy Act, 11 U.S.C. §35(a)(1).

Thereafter, on February 5, 1974, appellee filed a petition with the lower court for a rule to show cause why the Commonwealth should not be compelled to satisfy its four tax liens in light of appellee's discharge in bankruptcy. After hearing, oral argument and briefing before the lower court, appellee's rule was made absolute and the liens directed to be marked as satisfied.

The principle issue raised in this appeal is the interpretation of the 1966 amendment to section 17(a)(1) of the Bankruptcy Act, 11 U.S.C. §35(a)(1), wherein it provides in pertinent part:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts . . . except such as (1) are taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof within three years preceding bankruptcy: . . . *And provided further,* That a discharge in bankruptcy shall not release or affect any tax lien . . . ." (Italics in statute.)

Otherwise stated, this section provides in its first part for the release by a discharge in bankruptcy of taxes which became due and owing by the bankrupt more than three years preceding the bankruptcy. This appears to be in conflict with the last sentence wherein it clearly provides that a discharge shall not release any tax lien.

The Commonwealth's position is that the last sentence must prevail and thus, although the taxes due and owing by appellee were more than three years old at the time of his discharge in bankruptcy, they were not discharged and consequently, the Commonwealth's tax liens attach to his after acquired property.

Few courts have addressed themselves to an interpretation of section 17(a)(1) in this context following the 1966 amendments. However, those that have done so have uniformly rejected the Commonwealth's argument.

These courts have interpreted this section to mean that taxes over three years old are discharged whether or not a lien has been filed. The lien itself, however, remains upon any property of the bankrupt owned at the time of the filing of the petition in bankruptcy, but does not attach to after acquired property. *In re Carlson,* 292 F. Supp. 778, 781 (C.D. Calif. 1968), *affirmed,* 423 F.2d 714 (9th Cir. 1970); *In re Braund,* 289 F. Supp. 604 (C.D. Calif. 1968), *affirmed,* 423 F.2d 718 (9th Cir. 1970). *See also Copper State Supply Co. v. Fisher,* 449 F.2d 760 (9th Cir. 1971); *U. S. v. Sanabria,* 424 F.2d 1121 (7th Cir. 1970).

The decisions cited by the Commonwealth in support of their contention are totally inappropriate as they were all rendered prior to the 1966 amendment. While we recognize we are not bound by the federal decisions above cited, we find their reasoning persuasive and concur in their conclusions.

The Commonwealth advances the additional argument that the lower court did not have jurisdiction to mark these liens satisfied; rather, exclusive jurisdiction lies in the U. S. Bankruptcy Court. While this argument would have efficacy had the petition for bankruptcy been filed after December 18, 1970, such is not the case.

In 1970, section 17 of the Bankruptcy Act was again amended adding subsections (b) and (c) to section 17. Section 17(c) provides that "[t]he bankrupt or any creditor may file an application with the court for the determination of the dischargeability of any debt." This subsection, however, is not germane to the instant case because as the United States Court of Appeals for the 9th Circuit said in *Copper State, supra,* 449 F.2d at 761, ". . . the amendment applies only to bankruptcy cases filed after December 18, 1970." Accordingly, the cases cited by the Commonwealth which were decided subsequent to the passage of the 1970 amendments are inapposite.

While it is true that the Bankruptcy Court has exclusive jurisdiction with respect to the allowance or disallowance of a claim in a bankruptcy proceeding, *In re Crystal Associates Inc.*, 419 F.2d 60 (3rd Cir. 1969), we are persuaded that state courts have concurrent jurisdiction in the absence of "unusual circumstances" to determine the effect of a discharge as to a particular debt. *See In re Urguhart*, 427 F.2d 492, 494 (8th Cir. 1970) ; *Murphy v. Wheatley*, 360 F.2d 180, 182 (5th Cir. 1966) ; *In re Zitzmann*, 46 F. Supp. 314, 315 (E.D.N.Y. 1942). *See also* Collier on Bankruptcy, Vol. 1A §17.14(10).

Appellant lastly attempts to collaterally attack the validity of the bankruptcy proceedings. Such an attack is not cognizable at this time as the Bankruptcy Court's unappealed decision of which the Commonwealth had notice is res judicata.

The order of the Court of Common Pleas of Dauphin County is affirmed.