**In re WALTON.**

**No. 17317.**

District Court, W. D. Missouri, W. D.

Oct. 9, 1943.

Tolbert D. Judy, of Kansas City, Mo., for bankrupt.

Fred Bellemere, of Kansas City, Mo., for Commonwealth Loan Co., petitioner.

REEVES, District Judge.

The only question for decision is whether there were such unusual features in this case as to warrant the bankruptcy court in assuming jurisdiction.

Heretofore, on May 13, 1942, the bankrupt was duly adjudicated as such, and in October, 1942, after a regular statutory hearing, he was discharged. On May 5, 1943, the petitioner filed suit in the court of a justice of the peace within and for Jackson County, Missouri. Such suit, according to the averments of the petition or statement, was for a balance due on a loan originally in the sum of $250. The petitioner justified its action, in view of the discharge in bankruptcy, by the averment

that the loan was obtained by a false and untrue statement furnished to petitioner by its debtor, the bankrupt, on January 25, 1938. Such statement was set out in full in the pleading filed by the petitioner and was entitled: "Financial Statement. Statement of Debts and Liabilities (If nothing to report, write the word none)" There follows a schedule of assets and liabilities. The statement was witnessed and purported to bear the seals of the parties. This statement is made for the reason that there is no direct averment in the petition or statement that the alleged false statement was made in writing. However, it appears upon the face of the pleading that it was so made.

Section 32, 11 U.S.C.A., specifically provides in paragraph c that: "The court shall grant the discharge unless satisfied that the bankrupt has * * * (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition; * * *." Paragraph d of said section states that: "When requested by the court, the United States attorney, located in the judicial district in which the bankruptcy proceeding is pending, or such other attorney as the Attorney General may designate, shall examine into the acts and conduct of the bankrupt and, if satisfied that probable grounds exist for the denial of the discharge and that the public interest so warrants, he shall oppose the discharge of such bankrupt in like manner as provided in the case of a trustee." By subsection b of said section the duty is devolved upon the court, before discharging the alleged bankrupt, to "make an order fixing a time for the filing of objections to the bankrupt's discharge, notice of which order shall be given to all parties in interest as provided in section 94 of this title. Upon the expiration of the time fixed in such order or of any extension of such time granted by the court, the court shall discharge the bankrupt if no objection has been filed; otherwise, the court shall· hear such proofs and pleas as may be made in opposition to the discharge, by the trustee, creditors, the United States attorney, * * *" etc.

1. It will be observed from the foregoing that the government is interested in preventing the discharge of unworthy debtors. As indicated in Personal Finance Company of Colorado v. Day, 10 Cir., 126 F.2d 281, the purposes and objects of the bankruptcy law are a public, as well as a private interest.

2. This being true, it was contemplated by said Section 32 that, when a debtor sought his discharge in bankruptcy, it became the duty of the bankruptcy court to notify "all parties in interest as provided in section 94 of this title." Adverting to section 94, 11 U.S.C.A., it is there provided that: "a. Creditor shall have at least ten days' notice by mail, to their respective addresses as they appear in the list of creditors of the bankrupt or as afterward filed with the papers in the case by the creditors, * * *." By paragraph b of said section 94: "The court shall give at least thirty days' notice by mail of the last day fixed by its order for the filing of objections to a bankrupt's discharge (1) to the creditors. in the manner prescribed in subdivision a of this section; * * *." In turn, it became the duty of the creditors, if they had knowledge of such facts as would preclude a discharge, to advise the bankruptcy court in relation thereto. It was, therefore, the duty of this creditor to have informed the bankruptcy court of its contention that the bankrupt had obtained its loan from the petitioner "by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition; * * *."

The public interest requires this. Furthermore, other creditors were entitled to have their claims kept alive as against the bankrupt if it were established that he had committed .such frauds as to deny him the right of discharge from his debts.

3. Notwithstanding this plain obvious duty on the part of this petitioner, it did not respond to the notice of the bankruptcy court, but waited from the date of discharge in October, 1942 until the 5th of May, 1943, a period of approximately six months, and then endeavored to establish its claim and maintain a right provided for by section 35, 11 U.S.C.A. This section relates to debts not affected by a discharge in bankruptcy and among others are obligations or liabilities "for obtaining money or property by false pretenses or false representations, * * *." It will be observed that this section is broader than a somewhat similar provision in Section 32. In the latter section, if the false statement is made in writing, then discharge in bank-

ruptcy is barred; if such statement should not be made in writing, while discharge in bankruptcy may not be barred, yet the creditors' claim is not discharged.

4. It is conceded by diligent and able counsel for the petitioner that, perforce Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195, the bankruptcy court has jurisdiction in ancillary proceedings of this character. However, as stated in that opinion, unusual conditions must exist in order to warrant or justify the bankruptcy court in exercising such jurisdiction. Quite clearly an unusual situation is present in this case. If the averments of the petitioner are true, then the bankruptcy court, as well as the public, was imposed upon.

Since there are no court terms in bankruptcy, it was the duty of the bankruptcy court, when it was advised, as in this case, that its jurisdiction had been imposed upon, and that an unworthy debtor had been discharged in bankruptcy, to resume jurisdiction and, in doing so, to bring all the parties including the petitioner who made the charges before it for the purpose of ascertaining whether such imposition had been worked by the bankrupt. If the petitioner were able to establish the truth of its averments, then, in justice and equity it would become the duty of the bankruptcy court to vacate the order discharging the bankrupt and afford to all of the creditors the right and the opportunity to proceed against their unworthy debtor.

5. The exercise of jurisdiction in this case could be justified upon another ground: the petitioner, claiming to know facts that would have precluded a discharge, concealed such facts to the end that it might have an advantage over other creditors after the discharge was granted. It sought to make itself a privileged creditor by concealing information that it was bound under the law to disclose and thus give it an opportunity against the earnings of the bankrupt, the debts of all other creditors having been discharged. The petitioner has acted in bad faith, and, having failed to do a plain statutory duty, it should be estopped from maintaining the proceeding.

The referee properly inquired into the conduct of the bankrupt; he heard the evidence; he found that the loan in question was not obtained by fraudulent representations and held that the debt had been discharged. He exonerated the bankrupt and, having done so, his order permanently enjoining the petitioner was right and is in all things confirmed.