Harry F. WHITE, Bankrupt, Appellant,

v.

PUBLIC LOAN CORPORATION,
Appellee.

No. 15694.

United States Court of Appeals
Eighth Circuit.

Aug. 27, 1957.

Lee Davis, Kansas City, Mo., for appellant.

Gene R. Martin, Kansas City, Mo. (W. B. Ennis, Kansas City, Mo., with him on the brief), for appellee.

Before JOHNSEN, VOGEL and VAN OOSTERHOUT, Circuit Judges.

JOHNSEN, Circuit Judge.

After the discharge of a bankrupt, a creditor instituted suit against him in a state court for fraud and deceit allegedly perpetrated in the obtaining of a loan, which obligation the bankrupt had duly scheduled as a debt in the bankruptcy proceeding. The creditor, although given notice and having opportunity both to file its claim and to make objection to the bankrupt's discharge, had chosen to stay entirely out of the bankruptcy proceedings.

The bankrupt, by ancillary petition, sought an injunction against the creditor. The Referee, after a hearing, enjoined the creditor from maintaining the suit. On petition for review, the District Judge reversed, and the bankrupt has appealed.

The Referee had based his decision upon the opinion and holding of Judge Reeves in the case of In re Walton, D.C.W.D.Mo., 51 F.Supp. 857. That case held, in a situation similar to that here involved, that an obligation rested upon a creditor, who had knowledge of any facts which would preclude a bankrupt from being discharged, to advise the bankruptcy court thereof, and that his failure to do so would legally bar him from maintaining a subsequent suit against the bankrupt related to his claim. 51 F. Supp. at page 858. The opinion further declared that the bankruptcy court would also be equitably entitled, as a matter of estoppel, to prevent such a creditor from harvesting the fruits of his bad-faith scheme of allowing the debts of other creditors to be discharged and of leaving himself with the advantage of being able to pursue the bankrupt alone. 51 F.Supp. at page 859.

However desirable these results may seem abstractly in relation to a bankruptcy proceeding, we do not believe that the language of §§ 14 and 17 of the Bankruptcy Act, 11 U.S.C.A. §§ 32 and 35, dealing with the granting of discharges and the effect thereof, admits of the application of any such qualifications or conditions.

■ On the specificness and detail with which Congress took pains to cover the granting of discharges under § 14, we can see no room for any implication that a creditor was to have a legal duty to advise the bankruptcy court of any information he might have which would preclude the bankrupt from being discharged—much less for any inference of a legislative intent that, if he failed to do so, he should be subject to the penalty in relation to § 14, of not being able to maintain a suit against the bankrupt upon any debt he might have which was excepted from the operation of a discharge by § 17.

■ No more is there any room to append such qualifications, conditions and penalty to § 17 itself. The exceptions provided for in § 17, such as "liabilities for obtaining money or property by false pretenses or false representations", are rights which Congress has chosen to exempt from bankruptcy administration and consequence and to leave standing in favor of creditors, the same as they were before the bankruptcy proceedings. The exemption is self-executing, and no decree of a bankruptcy court is needed or is able to give it establishment.

We therefore think the Walton case is wrong in its holding, that a bankruptcy court is entitled to deprive a creditor of the benefit of the exemption existing under § 17, on the basis of his having failed to file objection, or to communicate information to the court, in relation to the bankrupt's discharge. In this connection it may be noted that no other reported decisions appear to have followed the Walton case. As one bankruptcy text-authority has commented, "This decision has absolutely no statutory basis to support it and must be regarded as erroneous". 1 Collier on Bankruptcy, 14th ed., § 14.07, footnote 4, p. 1272.

■ The rule recognized by all the other decisions and by the text authorities generally is that, where a creditor sues the bankrupt after discharge, the question whether the claim involved is

within the operation of the discharge, or within the exceptions of § 17 of the Act, must ordinarily be left to the court in which the action is brought. See Collier, supra, § 17.28, and Cum.Supp. addition to text thereof, entitled "Recapitulation as to What Court Determines the Effect of a Discharge", with collation of the reported decisions.

Judge Wyzanski has stated the rule in this language: "The usual practice is to leave the claimant if he regards his claim as undischarged to sue upon it in any appropriate forum, and to allow the discharged bankrupt to plead his discharge. Such defense is one that the state or any other court is bound to consider, and if error is committed in failing to accord the discharge its due weight, the way is open to the Supreme Court of the United States". In re Biscoe, D. C.Mass., 45 F.Supp. 422, 423.

Only under special and unusual circumstances should the bankruptcy court entertain an ancillary bill seeking to have it interfere with the jurisdiction of the court where the action is pending and itself dispose of the question involved. Local Loan Co. v. Hunt, 292 U.S. 234, 241, 54 S.Ct. 695, 78 L.Ed. 1230.

On what constitutes special and unusual circumstances, however, Seaboard Small Loan Corp. v. Ottinger, 4 Cir., 50 F.2d 856, 859, 77 A.L.R. 956, has regarded it as a sufficient basis for the exercise of such jurisdiction by the bankruptcy court that the state remedy would involve such a degree of "trouble, embarassment, expense, and possible loss of employment", as in the bankrupt's situation to make it valueless and thus inadequate.

Similarly, Local Loan Co. v. Hunt, supra, held, 292 U.S. at pages 241 and 242, 54 S.Ct. at page 698, that the bankruptcy court was entitled to treat as such unusual circumstances the fact that the decisional law of the State of Illinois made the bankrupt's defense of discharge unavailable against the claim there sought to be enforced, so that he would be required "to pursue an obviously long and expensive course of litigation,

beginning with an intervention in a municipal court and followed by successive appeals through the state intermediate and ultimate courts of appeal, before reaching a court whose judgment upon the merits of the question had not been predetermined".

Also, in State Finance Co. v. Morrow, 10 Cir., 216 F.2d 676, where the creditor had commenced suit against the bankrupt in a justice of the peace court, the court held that the bankruptcy court had there properly exercised its ancillary jurisdiction to stay the state court proceedings, because of the informality of justice-of-the-peace pleading and practice, making it possible for a judgment to be entered against the bankrupt without it being capable of legal determination whether the judgment was based "upon the debt for which the note was given or the fraud which may have induced it". The opinion said: "The (bankruptcy) court may well have taken judicial notice that the court in which the liability was asserted was not a court of record where issues of law and fact are defined with any degree of particularity, and that for all practical purposes the bankrupt was defenseless". 216 F.2d at page 680.

We are, however, not called upon in the present situation to consider what may be capable of constituting such special and unusual circumstances as to entitle a bankruptcy court to entertain an ancillary bill and to exercise jurisdiction to determine the effect of a discharge upon an asserted claim. The Referee here had assumed and exercised jurisdiction, not upon the basis of any affecting factual circumstances in relation to the adequacy, efficacy or practicality of the state remedy "to meet the requirements of justice" (292 U.S. at page 241, 54 S.Ct. at page 698) in the bankrupt's situation, but upon the basis of the absolute rule of law laid down by Judge Reeves in the Walton case. And Judge Ridge had reversed the Referee's holding upon the sole ground that he felt that the time had come for the judges of the Western District of Missouri to disavow and to cease to give further

recognition to the unsound and unsupported holding of the Walton case.

 For the reasons which have been indicated, the judgment of the District Court is affirmed. But since the petition of the bankrupt and the determinations of the Referee and the District Judge have been entirely related to the rule of the Walton case, the affirmance here being made will be allowed to be without prejudice to the right of the bankrupt to file an amended pleading in the District Court, setting forth such special and unusual circumstances, if any, as might exist in the situation and as could be sufficient to entitle the bankruptcy court to assert ancillary jurisdiction to stay or enjoin the suit in state court, and to make determination of whether the claim involved was within or without the discharge.

Affirmed.