Rondle Lee **ROBERTSON**, Appellant,

v.

**INTERSTATE SECURITIES COMPANY,**
a Corporation, Appellee.

No. 20258.

United States Court of Appeals,
Eighth Circuit.

Jan. 8, 1971.

Leonard Johnson, St. Joseph, Mo., for appellant.

No brief for appellee.

Before MATTHES, Chief Judge, and LAY and BRIGHT, Circuit Judges.

LAY, Circuit Judge.

This is an appeal from an order of the United States District Court for the Western District of Missouri, St. Joseph Division, which granted appellee-creditor's motion to dismiss a bankrupt's ancillary petition for injunction. Rondle Lee Robertson (hereinafter bankrupt) and his wife executed a promissory note to the Interstate Securities Company (hereinafter creditor) in December 1966, in the sum of $1,872. The note was secured by a chattel mortgage on various personal property including an automobile, a television, a stereo, firearms and major appliances. On December 6, 1967, the creditor brought suit in the Magistrate Court of Buchanan County, Missouri, against the bankrupt to recover the amount of the note less credit received from the sale of the car which had been repossessed. The bankrupt filed a voluntary petition in bankruptcy on January 13, 1968, listing the creditor as a secured creditor in the amount of $1,601. He was issued a discharge from all debts on April 15, 1968.

On Agusut 7, 1968, the creditor amended its petition in state court as follows:

"That defendants have concealed or wrongfully and fraudulently disposed of mortgaged property given to secure the note to plaintiff and have failed to produce said items, although requested to do so on numerous occasions. "[1]

The remainder of the petition stood as originally filed. The bankrupt filed a motion attacking the court's jurisdiction on the basis of the discharge. The motion was overruled and judgment entered for the creditor in the amount of $405 and costs on March 19, 1969. Neither the bankrupt nor his attorney participated in the proceedings beyond the filing of the motion to stay the proceedings.

On April 2, 1969, the bankrupt filed a petition in the federal district court seeking, on the basis of his discharge, to enjoin the creditor from enforcing the state judgment. The district court granted the creditor's motion to dismiss the bankrupt's petition on October 27, 1969. This appeal followed. In his Memorandum and Order Sustaining Defendant's Motion to Dismiss, the district court found:

1. that the creditor appeared at the first meeting of creditors, examined the bankrupt regarding the mortgaged property, but did not object to the discharge "as it had a right to do under [§ 14 of the Bankruptcy Act] § 32 Title 11 U.S.C.";

2. that the discharge was adequately raised in defense in the magistrate's court and was given full consideration there;

3. that there is no dispute as to the dischargeability of the debt on the note;

4. that "[t]he obligation of the bankrupt to turn over the mortgaged property was not extinguished by his discharge in bankruptcy";

5. that the bankrupt had "permitted a default judgment to be taken

---

1. Such an amendment did not change the basic cause of action as a suit on the note under Missouri law. Cf. Personal Fin. Co. of Wellston v. Schwartz, 170 S.W.2d 701 (Mo.App.1943).

against him, that judgment became final, and this court is without jurisdiction to aid him by enjoining its execution";

6. that the bankrupt "should have exhausted his remedies in the state court."

For the above reasons the federal district court declined to exercise ancillary jurisdiction. We reverse and remand with directions to enjoin the creditor from enforcement of the state court judgment.

■■■■ Jurisdiction may be sparingly exercised by a federal court to stay a state court proceeding where there exist equitable reasons amounting to "unusual circumstances." Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L. Ed. 1230 (1934). We recently discussed these principles in In re Urquhart, 427

F.2d 492 (8 Cir. 1970), and need not repeat our discourse here. Although the facts here are distinguishable from the *Urquhart* case, since we are here confronted with problems of res judicata, we nevertheless feel the trial court, as in *Urquhart*, should have exercised ancillary jurisdiction and granted the debtor equitable relief. It is well established that the effect of a discharge may be subsequently litigated in any forum and that the usual practice has been to allow the discharged bankrupt to plead his discharge where he is sued. White v. Public Loan Corp., 247 F.2d 601 (8 Cir. 1957). See also Hilton Credit Corp. v. Jaggli, 366 F.2d 793 (9 Cir. 1966). This practice has been criticized on practical theses [2] and has resulted in an amendment to the bankruptcy law effective sixty days after October 19, 1970. Public Law 91–467, 91st Cong., 2d Sess. 84 Stat. 990.[3]

2. "Simple justice demands that the bankrupt's status be decided in a single court. Proposals have been made to have the entire question determined by the bankruptcy court. Objections have been made on the ground of the burden this would place upon the bankruptcy court. If there be such a burden entailed, it is one which should be borne. Fundamentally bankruptcy was designed to prevent a multiplicity of individual litigation. As long as this uncertainty as to the effect of discharge remains, it has partially failed in this objective." Cowans, Bankruptcy Law and Practice § 184 at 102 (1963).

3. This bill was introduced by Senator Quentin N. Burdick of North Dakota. In his introductory remarks Senator Burdick stated:
   "The purpose of the proposed legislation is to effectuate more fully the discharge in bankruptcy by rendering it less subject to abuse by harassing creditors. Under present law creditors are permitted to bring suit in State courts after a discharge in bankruptcy has been granted and many do so in the hope the debtor will not appear in that action, relying to his detriment upon the discharge. Often the debtor in fact does not appear because of such misplaced reliance, or an inability to retain an attorney due to lack of funds, or because he was not properly served. As

a result, a default judgment is taken against him and his wages or property may again be subjected to garnishment or levy. All this results because the discharge is an affirmative defense, which, if not pleaded, is waived.
   "The proposed legislation is meant to correct this abuse. Under it, the matter of dischargeability of the type of debts commonly giving rise to the problem, that is, those allegedly incurred as a result of loans based upon false financial statements, will be within the exclusive jurisdiction of the bankruptcy court. The creditor asserting nondischargeability will have to file a timely application in the absence of which the debt will be deemed discharged. The bill provides that at the same time notice is given to creditors of the date by which objections to discharge must be filed, creditors are also notified of the date by which applications to determine nondischargeability of their debts must be filed. When timely filed, the matter will be heard in the bankruptcy court and final disposition made of it. The right to trial by jury as it presently exists is retained and the creditor's application does not subject him to the jurisdiction of the bankruptcy court for any other purpose.
   "The actual focus of the bill is to give greater effect to the discharge for those who need it most, that is, the ordinary wage earner. It is as to this type of

■ We find the following circumstances constituted unusual circumstances sufficient for the exercise of federal jurisdiction in the present case: (1) the economic hardship, as pled by the improverished bankrupt, to further litigate the state suit (see Local Loan Co. v. Hunt, supra); (2) the undenied allegation that the bankrupt could not afford an appeal bond at the time of the state judgment (see In re Carico, 308 F.Supp. 815 (E.D. Va. 1970)); (3) the undenied allegation that the bankruptcy proceedings indicate that the creditor examined the bankrupt concerning the goods secured by the chattel mortgage, without disclosure of any willful or malicious acts of conversion taking place; (4) the possibility of future harassment in collection of the judgment thereby affecting the bankrupt's employment (In re Urquhart, supra; Poolman v. Poolman, 289 F.2d 332 (8 Cir. 1961)); (5) the patent inconsistency of the entry of a money judgment in the magistrate's court, in the absence of findings by the state court that the bankrupt was guilty of any willful or malicious acts of conversion (Davis v. Aetna Acceptance Co., 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934)); (6) at the time of the federal district court's decision refusing equitable relief there was no longer available state appellate review of the magistrate's judgment which was obviously without merit. (Cf. In re Tel-A-Sign, Inc., 415 F.2d 1334 (7 Cir. 1969)).

■■ The most difficult question we face, however, is whether res judicata bars any equitable relief by the federal district court.[4] It is well settled that once the effect of the discharge is litigated in state court the judgment of the state court is res judicata and should not be collaterally attacked in the federal court. White v. Public Loan Corp., 247 F.2d 601 (8 Cir. 1957); Prebyl v. Prudential Ins. Co., 98 F.2d 199 (8 Cir. 1938); 1 Collier, Bankruptcy ¶ 17.28 at 1726–31 (14th ed. 1970); 1B Moore, Federal Practice ¶ 0.419 [3.–6] at 3121 et seq. (2d ed. 1965); 8 Remington, Bankruptcy Law § 3225 at 47 (6th ed. 1955).

■ In the instant case, although the magistrate found that the creditor had proved a prima facie case of "fraud" he did so simply because the bankrupt had failed to turn over the secured property to the creditor as he had agreed to do under the terms and conditions of said mortgage. The special finding controls over the general. Davis v. Aetna Acceptance Co., supra. However, this finding alone does not serve to exempt the act of conversion from the previous discharge in bankruptcy. It is well settled that an act of conversion without a "wilful and malicious" injury to the property is not sufficient to render the debt "nondischargeable" under the Bankruptcy Act. See Davis v. Aetna Acceptance Co., supra; 1 Collier, Bankruptcy ¶¶ 17.-09, 17.17 (14th ed. 1970); 8 Remington, Bankruptcy Law §§ 3328, 3331 (6th ed. 1955).

■ The federal district court found that the effect of the discharge was fully considered by the magistrate. It is true that the debtor in his motion to stay the magistrate proceedings pleaded the discharge. The argument might be made that the state judgment is res judicata even though it was erroneously decided. See 1B Moore, Federal Practice ¶ 0.405 [4.–1] at 637 (2d ed. 1965). Cf. In re Devereaux, 76 F.2d 522 (2 Cir. 1935), cert. denied Devereaux v. Belsey, 296 U.S. 589, 56 S.Ct. 100, 80 L.Ed. 416. However, more controlling than the entry of the judgment itself is the fact that the magistrate

bankrupt that the present abuse of the bankruptcy discharge occurs." S.Rep. No. 91–1173, 91st Cong., 2d Sess. 2 (1970).

4. Res judicata was not pleaded or raised by the creditor in federal district court; the creditor did not file any brief on appeal. We consider it here since the judgment below is entitled to be affirmed if there exists any ground to do so, even though not raised on appeal. Zirinsky v. Sheehan, 413 F.2d 481 (8 Cir. 1969).

found only an innocent conversion and did not at any time recite that the failure of the bankrupt to return all of the secured property was a result of willful and malicious conduct. Such a judgment will not support the enforcement of a nondischargeable debt under § 17(a) (2) of the Bankruptcy Act. 11 U.S.C.A. § 35(a) (2). See In re Tel-A-Sign, Inc., 415 F.2d 1334 (7 Cir. 1969); Martin v. Rosenbaum, 329 F.2d 817 (9 Cir. 1964); Personal Indus. Loan Corp. v. Forgay, 240 F.2d 18 (10 Cir. 1956). Cf. In re Greene, 87 F.2d 951 (7 Cir. 1937); Fitzgerald v. Herzer, 78 Cal. App.2d 127, 177 P.2d 364 (1947). As indicated, the magistrate's judgment reflected only that the bankrupt failed to turn over the secured property as he had agreed to do under the terms of the mortgage. As expressed in *Davis*, "[t]he discharge will prevail as against a showing of conversion without aggravated features." 293 U.S. at 333, 55 S. Ct. at 153. In the event that it can be said that the issue of "nondischargeability" of the debt was litigated in the magistrate proceedings we think that the judgment must be construed to mean that no evidence of willful and malicious conduct existed. Cf. In re Bowen, 222 F.Supp. 97 (N.D. Ga. 1963); Williams v. Colonial Discount Co., 207 F.Supp. 362 (N.D. Ga. 1962). The fact that the magistrate entered a judgment notwithstanding the suggestion of discharge is not in itself determinative as to the legal effect of the discharge. A court has the duty to examine the complete record and pleadings, as well as the findings upon which the judgment is based in determining the overall effect of the judgment. See Davis v. Aetna Acceptance Co., supra. In Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L. Ed. 281 (1939), the issues concerned whether a bankruptcy court may look behind a state judgment in determining "provability" of a claim. The Supreme Court's reasoning, although relating to the bankruptcy court's role in testing "provability," is helpful here:

"Hence, this Court has held that a bankruptcy court has full power to inquire into the validity of any claim asserted against the estate and to disallow it if it is ascertained to be without lawful existence. Lesser v. Gray, 236 U.S. 70, 35 S.Ct. 227, 59 L.Ed. 471. And the mere fact that a claim has been reduced to judgment does not prevent such an inquiry. As the merger of a claim into a judgment does not change its nature so far as provability is concerned, Boynton v. Ball, 121 U.S. 457, 7 S.Ct. 981, 30 L. Ed. 985, so the court may look behind the judgment to determine the essential nature of the liability for purposes of proof and allowance." 308 U.S. at 305–306, 60 S.Ct. at 244.

We are satisfied on the present record that without a finding that the conversion was willful or malicious the claim for conversion and the ensuing judgment evidenced nothing more than the "provability" of the original indebtedness on the note. Pepper v. Litton, supra; Davis v. Aetna Acceptance Co., supra. Yet the magistrate court specifically found as part of the same judgment that the indebtedness on the note was discharged and could not be enforced. The result we render might even be rationalized on the basis that the legal effect of the state court's judgment becomes res judicata as to the *nonenforceability* of the judgment entered. Under the circumstances we think it equitable that the creditor be enjoined from collection of a debt previously discharged.

Judgment reversed and remanded.