**In the Matter of Susan Elizabeth CRAIG, Debtor.**

**Susan Elizabeth CRAIG, Plaintiff,**

v.

**LOAN SERVICING CENTER, Defendant.**

**Bankruptcy No. 85–03528–3.
Adv. No. 85–0634–3.**

United States Bankruptcy Court,
W.D. Missouri, W.D.

Dec. 26, 1985.

---

Daniel C. Hall, Kansas City, Mo., for plaintiff.

Erlene W. Krigel, Kansas City, Mo., Trustee.

## JUDGMENT DISMISSING ACTION WITHOUT PREJUDICE TO ITS POSSIBLE REINSTATEMENT WITHOUT FURTHER FILING FEE IF AND WHEN A STATE COURT JUDGMENT IS RECOVERED

DENNIS J. STEWART, Bankruptcy Judge.

This is an action brought by the plaintiff requesting that the court determine a certain student loan indebtedness to be deemed to be dischargeable in bankruptcy. Formerly, on November 7, 1985, this court issued its order directing the parties to show cause in writing within 15 days why trial and determination of the within action should not be remitted to a state court of competent jurisdiction. It was the reasoning of this court in the show cause order of November 7, 1985, that the action on the debt underlying the dischargeability issue was an action arising under state law with-

in the meaning of *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which might, with more assurance of an undoubted jurisdictional foundation, be tried in a state court. It was the plaintiff's response to the show cause order, however, that there was no issue concerning liability and that judgment could be entered by default by this court on that issue.

In order for the relief which might be grantable by this court to be effective, however, the governmental agency which guaranteed the loan in question would have to be made a party. Otherwise, relief would not be complete and a circuity of actions not avoided. Therefore, on December 3, 1985, this court communicated to counsel for plaintiff a request for the identity of that governmental unit so that it might have been made a party. It was then counsel's statement that the name of the governmental unit would be produced within 10 days or else the action might be remitted to a state court for trial and determination of the matters of liability and dischargeability.

 More than ten days have since elapsed and the name and address of the governmental entity has not been presented to the court. It seems appropriate under such circumstances to permit trial and determination by a state court. The ground of dischargeability *vel non* which is in issue in this matter is not one which is in the sole and exclusive discretion of the bankruptcy court. Rather, the ground which is made the basis of this action arises under section 523(a)(8) of the Bankruptcy Code, which is not one of the exceptions to discharge which is placed within the exclusive jurisdiction of the bankruptcy court by the provisions of section 523(c) of the Bankruptcy Code. Accordingly, a state court may adjudge, not only the underlying liability, but also the dischargeability question. "(S)tate courts of general jurisdiction have the power to decide cases involving federal ... rights where ... neither the Constitution nor statute withdraws such

jurisdiction." *Boston Stock Exch. v. State Tax Com'n*, 429 U.S. 318, 319, n. 3, 97 S.Ct. 599, 602, 50 L.Ed.2d 514 (1977). Although states may, by constitution or statute, refuse to entertain actions arising in bankruptcy,[1] and the federal legislature may restrict actions arising under the federal laws to resolution in federal courts, there appear to be no such restrictions imposed to prevent adjudication of this action in the state courts of Missouri. The plaintiff may thus await the suit of the appropriate parties in state court and raise the discharge in bankruptcy as a defense. See, e.g., *Superior Loan Corporation of Buffalo*, 476 S.W.2d 144, 145 (Mo.App.1972) ("The pleaded affirmative defense upon which defendants relied was that their debt evidence by the note in suit had been listed properly in schedules filed with their voluntary petition in bankruptcy ..."). "It is well established that the effect of a discharge may be subsequently litigated in any forum and that the usual practice has been to allow the discharged bankrupt to plead his discharge where he is sued." *Robertson v. Interstate Securities Company*, 435 F.2d 784, 786 (8th Cir.1971). If the debtor is unable to join the parties who would be necessary for a just adjudication of the issue of dischargeability *vel non*, this course may be preferable to taking a default judgment in the federal court, only later to be sued by a party in interest.[2] Or, under the principles above recited, the debtor may be warranted in seeking declaratory judgment in the state courts for the purpose of having the discharge declared to be effective with respect to the liability in question. But it seems disadvantageous to proceed to judgment in this court if, for some reason, the appropriate governmental units cannot be joined as proper parties. It is therefore hereby

ORDERED AND ADJUDGED that the within action be, and it is hereby, dismissed without prejudice to possible reinstitution if and when appropriate judgments are issued by a state court of competent jurisdiction.

---

**1.** Although Congress has no right to require that state courts entertain bankruptcy cases and bankruptcy-related cases, *Mitchell v. Great Works* Milling, 2 Story U.S. 648 (C.C.Me.1843), the state courts may entertain such cases in the absence of state constitutional or statutory prohibition.

**2.** If the appropriate governmental unit, for some reason, cannot conveniently be joined in this action, it may be preferable for the debtor to await suit by the same unit in an appropriate state court. If the suit is awaited and never filed, then the discharge in bankruptcy is effective as to the underlying debt. "(A) valid discharge in bankruptcy affords a prima facie defense against all debts and the burden of proof then rests on the creditor to show that the debt is nondischargeable." *Superior Loan Corp. v. Robie*, 476 S.W.2d 144, 148 (Mo.App.1972).