[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#111)
The factual context of this case is relatively straightforward. Plaintiff alleges that it made loans to the defendant as student loans, that defendant is in default and that according to the terms of the note, it is accelerating the amount due. The defendant files this motion to dismiss claiming the court lacks subject matter jurisdiction because defendant's debts were discharged in a bankruptcy proceeding. Plaintiff objects to the motion and the parties have filed supporting memoranda of law.
The plaintiff claims that this action can only be brought in federal court as it is a determination under the bankruptcy code and that the Bankruptcy Court, Shiff, J., issued a discharge order which specifically bars any actions on discharged debts except those brought in the Bankruptcy Court. Both these statements are undoubtedly true, but the key question is raised even in defendant's framing of the issue: "the order of the bankruptcy court only extends to discharged debt," and thus, it is necessary to determine if defendant's student loans were discharged. If they were not, then the bankruptcy court order would be inapplicable and this court would not lack jurisdiction over what would be, in essence, a collection action.
To determine this question, two things must be examined the order of the bankruptcy court; and 11 U.S.C. § 523, which provides for certain debts which are not discharged in bankruptcy. An examination of the court order, a copy of which is attached, leads to two conclusions. First, as paragraph 1 states, the discharge only applies to dischargeable debts, and second, as paragraph 2 notes, judgments obtained in other courts are null and void only as to: (a) debts dischargeable under 523; (b) debts excepted from discharge under 523(2)(4) and (6); and (c) other debts as determined by that court. Thus, 523 must be inspected to determine if defendant's student loan is nondischargeable.
11 U.S.C. § 523 (a)(8) provides that a discharge of debts in bankruptcy does not discharge any debt "for an educational loan CT Page 8189 made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution." Thus, student loans are not dischargeable under 523, except for two exceptions, neither of which is alleged here, and thus not covered by paragraphs 1 or 2 of the bankruptcy court's order. The court order states, in paragraph 2(b), that debts excepted from discharge under 523(2), (4) and (6) are discharged, but is silent as to 523(8). The court must assume therefore, that such debt, pursuant to federal statutes, was not discharged in the bankruptcy proceedings.
Furthermore, a state court has jurisdiction to determine this question. An issue arising under 523(8) "is not one of the exceptions to discharge which is placed within the exclusive jurisdiction of the bankruptcy court." Craig v. Loan Servicing Center, 56 B.R. 479, 480 (Bkrtcy. W.D.Mo. 1985). "Accordingly, a state court may adjudge, not only the underlying liability, but also the dischargeability question." Id. Connecticut courts have in fact made these determinations before. See e.g. Connecticut Student Loan Foundation v. Grant, 39 Conn. Sup. 214 (Stoughton, J. 1984) (court decided dischargeability and liability questions). For these reasons, this court does not lack subject matter jurisdiction and the motion to dismiss is therefore denied.
/s/ Kulawiz, J. KULAWIZ